STATE, Appellant, v. V-SYSTEMS OF WISCONSIN, INC., Respondent. [Case No. 86.]

STATE, Appellant, v. RADCLIFFE, Respondent. [Case No. 87.]

STATE, Appellant, v. SIEGEL, Respondent. [Case No. 88.]

*Nos. State 86–88. Argued November 27, 1968.—Decided December 20, 1968.*

(Also reported in 163 N. W. 2d 4.)

For the appellant the cause was argued by *Jeffrey B. Bartell*, assistant attorney general, with whom on the brief were *Bronson C. La Follette*, attorney general, *William A. Platz*, assistant attorney general, and *Robert J. Ruth*, district attorney of Rock county.

For the respondents there was a brief by *Bass, Goldstein & Moglowsky*, attorneys, and *Bernard Goldstein* of counsel, all of Milwaukee, and oral argument by *Bernard Goldstein*.

WILKIE, J. The sole question presented on this appeal is whether a complaint which is the basis for the issuance of a summons by a magistrate need not meet the "probable cause" standard required for the issuance of an arrest warrant.

The state concedes that the second amended complaint falls short of the standard requiring a complaint to contain sufficient facts to permit an independent determination of probable cause by a magistrate and thus would not support the issuance of an arrest warrant.[2] But the state argues that a complaint which is the basis for the issuance of a summons, as distinguished from an arrest warrant, need not meet the same "probable cause" standard.

This assertion is contrary to the plain and unambiguous terms of sec. 954.02 (2), Stats., which provides in part:

"(2) If it appears from the complaint that there is probable cause to believe that a crime has been committed and that the accused committed it, the magistrate shall issue a warrant or summons."

A complaint which is the basis for the issuance of a summons by a district attorney, pursuant to sec.

---

[2] *Giordenello v. United States* (1958), 357 U. S. 480, 78 Sup. Ct. 1245, 2 L. Ed. 2d 1503; *Jaben v. United States* (1965), 381 U. S. 214, 85 Sup. Ct. 1365, 14 L. Ed. 2d 345; *State ex rel. White v. Simpson* (1965), 28 Wis. 2d 590, 137 N. W. 2d 391.

954.02 (3), Stats., must also meet the probable cause standard if it is to withstand timely [3] attack by the defendant when he appears before the county judge to whom the summons is returnable.

Sec. 954.02 (3), Stats., provides that a summons issued by a district attorney must be "returnable before a named judge of the county court," and also that the complaint upon which the summons is issued must be delivered to the clerk of court for that county. If the defendant does not appear in response to the summons, this subsection provides that "a warrant may be applied for pursuant to subs. (1) and (2)."

The clear purpose of this subsection is to provide that the county court, on timely motion by the defendant, will pass on the sufficiency of probable cause in the complaint before the accused is subjected to further criminal proceedings. If the defendant does not appear in response to the summons, the statute provides that the magistrate may issue a warrant under "subs. (1) and (2)." To do so would require that the complaint meet probable cause standards. There is nothing in the statute to indicate that the legislature contemplated that a new complaint, meeting the probable cause standard, would be filed if a person did not appear in response to the summons based on a complaint not meeting such a standard.

*By the Court.*—Judgment affirmed.

[3] *State v. Greene* (1968), 40 Wis. 2d 88, 161 N. W. 2d 239; *State ex rel. White v. Simpson, supra,* footnote 2.