Bowers, Plaintiff in error, v. STATE, Defendant in error.

*No. State 73.  Argued December 1, 1971.—Decided January 4, 1972.*
(Also reported in 192 N. W. 2d 861.)

442

For the plaintiff in error there were briefs and oral argument by *James H. McDermott,* state public defender.

For the defendant in error the cause was argued by *George B. Schwahn,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

ROBERT W. HANSEN, J. The defendant was found guilty of selling marijuana for smoking purposes. He does not deny that he sold the marijuana. Instead he contends that the evidence did not establish, beyond a reasonable doubt, that the marijuana he sold was sold for smoking purposes. The state's evidence as to the purpose of the sale falls into three categories: (1) The circumstances surrounding the sale; (2) the testimony of the arresting officer; and (3) testimony given by the defendant.

1. *Surrounding circumstances.*

An inference reasonably drawn from the total conversation and total circumstances surrounding the sale of marijuana can support a finding by the trier of fact

that the sale was for smoking purposes.[1]  Here the sale of a single packet of marijuana for $5 was made in the men's room of a Milwaukee tavern.  The police officer who made the purchase, acting then as an undercover agent, testified he met the defendant through a third person intermediary who identified defendant as a seller of marijuana.  The officer and the intermediary went to the tavern.  The defendant walked in and came over to them.  The go-between introduced the police officer to the defendant as "Tip" and said, "He wants to cop a nickel bag" or "He wants a cop."[2]  The three then walked into the men's room of the tavern.  The defendant asked the officer how many "bags" he wanted.  The officer stated he wanted "one nickel bag."  Defendant removed four or five white sealed envelopes or packets from his pocket.  He handed one to the officer, and returned the others to his pocket.  The officer then gave him $5 and told the defendant not to "burn" him.[3]  The envelope handed the officer was $2\frac{1}{4}$ inches by $3\frac{1}{2}$ inches in size.  It contained a green crushed substance, established to be marijuana.

These circumstances and this conversation are at least as solid a foundation for a reasonable inference that the marijuana was sold for smoking purposes as were the circumstances and conversation surrounding the sale in the *Greene Case*.[4]

---

[1] *See: State v. Greene* (1968), 40 Wis. 2d 88, 94, 161 N. W. 2d 239.

[2] Eugene E. Landy, *The Underground Dictionary* (1971), published by Simon & Schuster, defining "bag" as a "packet of narcotics," "nickel bag" as a "five-dollar bag of any drug," "cop" as "buy or otherwise obtain drugs." (pages 28, 139, 57)

[3] *Id.* at page 42, defining "burn" as to "accept money and give no drug in return."

[4] *State v. Greene, supra,* upholding conviction of sale of marijuana for smoking purposes, states at page 94: "Although there is some dispute as to the detailed circumstances surrounding the

## 2. *Officer's testimony.*

At the trial, as to the purpose for which the sale was made, the police officer who made the purchase testified: "Mr. Bowers told me that it was good grass, and that if I didn't believe him I could smoke some right there in the men's room." This direct testimony of the arresting officer as to the sale being for smoking purposes is attacked because no mention of such statement is noted in the officer's logbook entry on the incident, nor was such statement testified to by the officer at the preliminary hearing. The logbook entry was a synopsis or summary of the incident, not necessarily a verbatim reporting of all that was said or a complete account of all that took place. The statement's absence from the logbook entry goes to credibility, perhaps, but not to admissibility. It may weaken, but it does not destroy believability. At the preliminary hearing, the arresting officer appeared as a witness, required and entitled only to answer responsively questions asked. The officer was asked at the preliminary hearing: "Did the defendant make any statements to you concerning the nature of this weed?" He responded by asking that the question be repeated. When it was repeated, it was rephrased to ask: "Did the defendant tell you what you were buying?" The officer answered: "He said it was pot, sir." [5] The answer given appears fully responsive to the question as asked. As a witness, the offi-

---

sale there is evidence that at one gasoline station Greene told the police officer to whom he eventually made the sale that Greene could get the stuff, meaning marijuana; that the officer went to another gasoline station at Greene's request; that Greene showed up at that station and asked the officer if he had the money; the officer replied, 'Yes, have you got the stuff?'; and that thereupon Greene in exchange for $10 handed the police officer a folded newspaper containing the marijuana. A majority of the court agrees with the trial court that all reasonable inferences point to a sale that was made for 'smoking purposes.' . . ."

[5] Eugene E. Landy, *The Underground Dictionary, supra,* at page 153, defining "pot" as "marijuana," "pothead" as an "habitual

cer was neither obliged nor permitted to do more than answer questions asked. In fact, nonresponsive statements by a witness are not encouraged, and may be stricken from the record.[6] If more was wanted by way of answers, more should have been asked by way of questions. The officer's testimony, if believed, as it was, by the trier of fact, amply supports the finding that the sale of marijuana was for smoking purposes.

## 3. *Testimony by defendant.*

Additionally, the defendant's own testimony clearly indicated the purpose of the sale here involved. The defendant testified that, when he asked the officer what he wanted, the officer responded by putting his index finger and middle finger to his mouth in a gesture that simulated the act of smoking. On motions after judgment, the trial court referred to this pantomimic reference in these words: ". . . when Mr. Bowers was on the stand he corroborated the fact that Officer Marshall attempted to purchase marijuana from him for smoking purposes. Because Mr. Bowers said, when he interrogated Marshall about what he [Marshall] wanted, he said that Marshall illustrated to him that he wanted marijuana for smoking purposes. He didn't say it in those words. But he did put his hand to his mouth, his index and adjoining fingers, in a motion that customarily indicates a smoking circumstance. . . ." The defendant's gesture is corroborative, but, more than that, standing alone, a sufficient basis for drawing an entirely reasonable inference that the sale of marijuana was for smoking purposes.

Any one of the three categories: (1) The surrounding circumstances; (2) the officer's testimony as to the statement made by defendant; and (3) the defendant's testi-

heavy user of marijuana," and "pot party" as "a party where people smoke pot."

[6] *See: Cupps v. State* (1904), 120 Wis. 504, 519, 520, 97 N. W. 210, 98 N. W. 546.

mony as to the gesture made by the officer, would support a finding that the sale of marijuana in this case was for smoking purposes. All three, considered together, make it the only reasonable conclusion as to the purpose of the sale of marijuana by the defendant to the police officer.

*By the Court.*—Judgment and order affirmed.