ALBERT R. NELSON, District Attorney, Jefferson County
You have informed this office that despite your express orders to the contrary, the local sheriff's department was using a form resembling, but not in conformance with, the uniform traffic citation to charge certain misdemeanors under the Wisconsin Criminal Code. You also informed my office that when a party is arrested pursuant to such citation, the jailer informs the arrestee that he may submit a bond of $50.00 plus $9.00 in costs to be forfeited by the court in lieu of a personal court appearance by the accused. Failing to appear, a plea of guilty is entered on the record in the accused's behalf as well as a judgment of conviction pursuant thereto, and the bond is entered as a forfeiture.
Based on the foregoing facts you ask two questions: (1) Is the form which resembles and is similar in content to a traffic citation sufficient to charge a violation of the criminal statutes? If so, what procedures must be followed in order to secure a valid conviction on a criminal charge? (2) If the convictions obtained through use of the above form and the procedures you described are invalid, what future action should you take?
In response to your first question, it is first necessary to briefly describe the forms which you have submitted to this office which have been used to charge certain misdemeanors in your county. On those forms there is an appropriate space for the date and place of the offense, a description of the offense and a reference to the statute violated. In Clark v. State (1974),62 Wis.2d 194, 214 N.W.2d 450, the Supreme Court of Wisconsin indicated that the charging document in a criminal action is sufficient to confer subject matter jurisdiction on the court if it alleges the offense and makes reference to the statute describing the crime. Based on the Clark decision, it is my opinion that the forms under consideration are sufficient to charge a violation of the criminal statutes so as to confer subject matter jurisdiction upon the court.
However, the conclusion that the forms in question are sufficient as charging documents to confer subject matter jurisdiction on the court does not lead to the conclusion that the convictions obtained *Page 542 
through the use of those forms in the manner you described are valid. On the contrary, it is my opinion that any convictionsecured in the manner you described is absolutely invalid. This is so for a number of reasons.
First of all, sec. 968.02, Stats., provides that a complaint charging a person with a criminal offense shall be issued only by the district attorney, unless he refuses or is unable to do so, in which case a complaint may be filed by permission of a county judge pursuant to a hearing on the issue of probable cause. A sheriff is thus completely without authority to initiate criminal prosecution. Consequently, it would appear that any prosecution for violation of the Wisconsin Criminal Code commenced by a sheriff would be invalid, cf. The State v. Russell (1892),83 Wis. 330, 331-335, 53 N.W. 441, and any conviction obtained in the manner you described as a result of such prosecution would be declared void. The submitted forms also violate sec. 968.04, Stats., which provides that a summons directed to an accused pursuant to the issuance of a complaint may issue only at the hands of a judge or district attorney. The sheriff has no authority to command the presence of an individual in court.
I would also point out that the forms submitted for my consideration are devoid of a proper space for and any facts which would permit an independent determination of probable cause by a magistrate so as to justify continuation of the criminal process, in violation of the dictates in State ex rel. Cullen v.Ceci (1970), 45 Wis.2d 432, 173 N.W.2d 175. Moreover, the Wisconsin Supreme Court in State v. V-Systems of Wisconsin, Inc. (1968), 41 Wis.2d 141, 143-144, 163 N.W.2d 4, ruled that a complaint is not excused from meeting the standards of probable cause simply because it is the basis for issuance of a summons instead of a warrant. Compliance with the probable cause standard is mandated if the complaint is to withstand timely attack by the defendant when he appears before the county judge to whom the summons is returnable.
It is also my opinion that the "forfeiture" procedure you describe is without statutory authority and specifically in violation of chs. 970 and 971, Stats. Apparently, the local sheriff's department is proceeding with respect to certain misdemeanor violations of the Wisconsin Criminal Code in a manner similar to that prescribed for traffic violations under secs.345.26 and 345.27, Stats. That *Page 543 
procedure, however, is specifically restricted by statute to an arrest for violation of a traffic regulation or the issuance of a citation for violation of a traffic regulation. Nor is there any corresponding procedure in the Criminal Code.
Aside from that, the entry of a plea of guilty on behalf of an accused who is in absentia and not represented by an attorney is contrary to secs. 970.01, 970.02, 971.04, 971.05 and 971.08, Stats., as well as the dictates of Ernst v. State (1969), 43 Wis.2d 661,674, 170 N.W.2d 713. Sections 970.01 and 970.02 provide that an arrestee is to be then taken before a judge within a reasonable time after arrest, at which time he must be advised of the charges against him and his right to counsel. Section 971.04
provides that a defendant is to be present at his arraignment with the exception that a defendant charged with a misdemeanor violation may, in writing, authorize his attorney to act in any manner in his behalf, with leave of court, and may thus be excused from attendance at any or all proceedings. Barring that, a defendant must appear in person at the arraignment, at which time the district attorney must read the complaint to him pursuant to sec. 971.05 (3), and after which the defendant must enter his plea. Before a plea of guilty is accepted, however, the trial court is mandated to address the defendant personally and determine the voluntariness of his plea, his understanding of the offense and the potential penalty, as well as to make sufficient inquiry to ascertain that the defendant in fact committed the crime. See sec. 971.08 (1) (a) and (b), Stats. Ernst requires in addition that the trial court determine the extent of defendant's education and general comprehension and alert the accused to the possibility that a lawyer would discover defenses or mitigating circumstances which would not be apparent to him. Id. at 674. The procedure you describe allows for none of these requirements.
The defects which I have outlined above in the proceedings which you have described clearly render invalid any conviction entered with respect to an individual who has not personally appeared before the court in the proceeding which resulted in his conviction. The court has simply never acquired personal jurisdiction over such individual. See Kelley v. State (1972),54 Wis.2d 475, 195 N.W.2d 457. A trial court must have jurisdiction both of the subject matter and of the person of the defendant in order to convict the defendant of a crime. See State ex rel.LaFollette v. Raskin (1966), 30 Wis.2d 39, *Page 544 
45, 139 N.W.2d 667. Thus, the lack of personal jurisdiction over the defendants in the proceedings which you have described clearly renders any conviction entered in such proceedings null and void.
As to your second question regarding your responsibilities in view of the probability that the convictions hereinabove discussed are void, I suggest for your consideration sec. 1.4 of the American Bar Association's Standards Relating to theProsecution Function:
"1.4 Duty to improve the law.
 It is an important function of the prosecutor to seek to reform and improve the administration of criminal justice. When inadequacies or injustices in the substantive or procedural law come to his attention, he should stimulate efforts for remedial action" (emphasis added).
VAM:CMW:DJB