CRUMMEL, Plaintiff in error, v. STATE, Defendant in error.

No. State 135. *Argued February 6, 1970.*—*Decided March 6, 1970.*
(Also reported in 174 N. W. 2d 517.)

For the plaintiff in error there were briefs and oral argument by *Ralph J. Huiras* of Port Washington.

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, and *Walter J. Swietlik,* district attorney of Ozaukee county.

ROBERT W. HANSEN, J. The defendant makes two claims in support of his argument that he should be relieved of his plea of guilty: one concerns the voluntariness of his confession, the other concerns the time limitation in sec. 954.05 (1), Stats.

*The confession.*

The defendant claims that the trial court erred in finding, following a *Goodchild* hearing, that his confession was admissible. The sequence of events leading up to the confession is as follows:

On August 28, 1967, at about 2 p. m., a fourteen-year-old boy was hitchhiking on West North Avenue in the city of Milwaukee. He was picked up by the defendant and driven to two different isolated areas in Ozaukee county where acts of sexual perversion were committed upon him by the defendant. Following the second act of perversion, the perpetrator beat the boy on and about the head. The boy, by then unconscious, was pushed off the top

of a hill by the defendant. The defendant then left the scene. The next morning the boy was found at the foot of the hill and taken to the hospital where he was found to be suffering from skull fractures.

On August 31, 1967, a warrant was issued for defendant's arrest, charging him with two counts of sexual perversion and one of aggravated battery. At about 9 p. m. that evening, the defendant was arrested in a Brookfield residence by the chief of police of Mequon and one of his officers. The chief, Robert Milke, informed defendant he had a warrant for his arrest and informed him of his rights, as required by the *Miranda* decision.[2] The defendant stated that he was caring for a young boy at his home. At defendant's request, the police chief telephoned the boy's older brother. When the brother came to the home, the defendant was taken to the Brookfield police station where he was booked. No questions were asked concerning defendant's guilt of the sexual perversion and aggravated battery charges until the defendant asked, in fact insisted, that the chief do so. The defendant thereupon denied that he was involved in the perversions or the battery. The defendant was then taken to the Mequon police station, where he gave some additional background information about himself. He then started crying, and stated:

"I don't know why I did it. I need help. I have got to tell someone about what I did to the boy. I can't keep it inside of me."

After again being advised of his rights under *Miranda*, he signed both a waiver and a confession, detailing the acts of perversion, his fear that the boy would relate these occurrences to the authorities, his beating the boy about the head and, while the boy was unconscious, rolling him down the hill. The trial court found that the defendant had been properly advised of his rights. He was.

[2] *Miranda v. Arizona* (1966), 384 U. S. 436, 86 Sup. Ct. 1602, 16 L. Ed. 2d 694.

The trial court found the confession to be completely voluntary and admissible. It was. In fact, it was a completely volunteered confession, subsequently reduced to writing. In the light of the enormity of the offense, leaving an innocent boy for dead, it is apparent that the defendant was overcome by remorse at what he had done and "couldn't keep it inside me." In all except the most hardened of offenders and most skillful of dissemblers, remorse is an understandable human response or reaction. Here the very spontaneity of the remorseful remarks corroborates rather than erodes the complete voluntariness of the statements made. It is not a function of police authorities to protect a perpetrator of crimes against the promptings of his own conscience. That it was prompted by remorse does not taint in any way the voluntariness and admissibility of defendant's confession of what he had done.

*The statute.*

The second claim of the defendant is that the magistrate, in adjourning the preliminary hearing, violated sec. 954.05 (1), Stats., and thereby jurisdiction was lost both over the person of the defendant and the subject matter: The two counts of sexual perversion, based on sec. 944.17, and the charge of aggravated battery, brought under sec. 940.22.

An initial weakness in this argument is that the statute referred to was not in any way violated.

Defendant argues that the legislature has created a maximum time interval of ten days, except for consented-to adjournments, arguably between the time of arrest and the preliminary, at least between the first appearance before the magistrate and the preliminary. Reading the statute referred to is enough to make clear the complete lack of merit in this contention. Sec. 954.05, Stats., in material part, provides:

"**Adjournments of hearing.** (1) The magistrate may adjourn the examination from time to time, but not ex-

ceeding 10 days at one time without the consent of the defendant, and to any place in his county, and the defendant shall be committed in the meantime unless he is bailed."

This statute does not relate, directly or indirectly, to the fact or date of arrest. To read into it a procedural requirement that the time interval between date of arrest and date of the preliminary may not, without consent of the defendant, exceed ten days is to read into it something that is not there. Nor does the ten-day limit on adjournments of the preliminary hearing relate to an initial appearance of a defendant before the magistrate, limited as it was here to informing the defendant of his rights, setting bail, determining the fact of indigency, and appointing defense counsel. The statute authorizes the magistrate to adjourn a preliminary hearing, once it has been set, "from time to time," and provides each such adjournment, in the absence of consent of the defendant, is to be limited to a ten-day period of time. That is what the statute provides, and that is all that it provides.

Here the warrant for the arrest of the defendant was issued on August 31, 1967, and he was placed in custody on the same evening. To this date the statute has no applicability. On September 1, 1967, the next day, the defendant was brought before a magistrate. He was informed of his rights. The question of indigency was resolved in his favor, and an attorney was appointed to represent him. Bail was set at $15,000. To this appearance and the matters then considered, the statute on adjournment of preliminary hearings has no applicability. Then, on September 6, 1967, the defendant with his court-appointed attorney appeared before the magistrate and the preliminary hearing was set for September 8, 1967. On the date set for the preliminary, the district attorney stated that the victim of the perversions and assault, who had sustained skull fractures when he had been beaten around the head, was hospitalized and unable to testify.

The magistrate thereupon adjourned the preliminary hearing until September 15, 1967, an adjournment well within the ten-day limit set by the statute. The consent of the defendant for such adjournment was not required for such less than ten days' adjournment. On the new date, the preliminary hearing was held and the defendant was bound over to the circuit court for trial. The procedural requirements of sec. 954.05 (1), Stats., were fully complied with.

*Plea of guilty.*

The attorney general, rather than responding to the issues raised as to the adjournment statute, argues only that the plea of guilty entered by the defendant waives all nonjurisdictional errors, particularly when coupled with defendant's failure to move for the withdrawal of such plea in the trial court before seeking review by this court. That is putting all eggs in very nearly one basket but on the record made here, if there has been error committed, we would find such waiver.

This court has held that a plea of guilty does constitute a waiver of nonjurisdictional defects and defenses, alleged to have arisen prior to the entering of the plea.[3] However, defendant takes the position that the asserted failure to comply with sec. 954.05 (1), Stats., in adjourning the preliminary hearing, constitutes a jurisdictional defect. Jurisdiction, he argues, should thereby be lost as to the subject matter, as well as over the person of the defendant. The claim that the court lacked subject matter jurisdiction, it is true, would not be subject to waiver.[4] However, whatever doubt may have existed as to whether a violation of sec. 954.05 (1) involves in any

[3] *State v. Biastock* (1969), 42 Wis. 2d 525, 167 N. W. 2d 231; *Hawkins v. State* (1965), 26 Wis. 2d 443, 132 N. W. 2d 545; See also: *Ernst v. State* (1969), 43 Wis. 2d 661, 170 N. W. 2d 713.

[4] *Pillsbury v. State* (1966), 31 Wis. 2d 87, 142 N. W. 2d 187. See also: *State ex rel. La Follette v. Raskin* (1966), 30 Wis. 2d 39, 139 N. W. 2d 667.

way subject matter jurisdiction should have vanished with the recent holding by this court which made clear that a failure to comply with the procedural requirements of sec. 954.05 (1) affects only the court's jurisdiction over the person of the defendant.[5]

It follows, therefore, that claims of error in the adjourning of the preliminary hearing fall within the category of nonjurisdictional defenses that must be deemed to have been waived by the entry of the plea of guilty. While a defendant may be relieved of such waiver to correct a manifest injustice,[6] there is on this record no injustice to be corrected. As to the issues raised by defendant as to the adjournment and confession, it is enough here to state that the adjournment was in compliance with sec. 954.05 (1), Stats.; the confession was properly admitted. The additional hurdle of the defendant not having moved before the trial court for withdrawal of the plea of guilty was not surmounted, but need not here be reached.

*By the Court.*—Judgment affirmed.

---

[5] *Logan v. State* (1969), 43 Wis. 2d 128, 138, 168 N. W. 2d 171.
[6] *Brisk v. State* (1969), 44 Wis. 2d 584, 172 N. W. 2d 199; citing *State v. Reppin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9.