KELLEY, Plaintiff in error, v. STATE, Defendant in error.

*No. State 33. Argued March 2, 1972.—Decided March 28, 1972.*
(Also reported in 195 N. W. 2d 457.)

476

The cause was submitted for the plaintiff in error on the briefs of *Jack E. Kelley* of Waupun, pro se, and for the defendant in error on the brief of *Robert W. Warren*, attorney general, and *Michael R. Klos*, assistant attorney general.

CONNOR T. HANSEN, J. Two issues are raised by the defendant: (1) Did the trial court lose jurisdiction to sentence the defendant on his plea of guilty by failing to expressly pronounce guilt; and (2) did the trial court abuse its discretion in sentencing? A third issue relating to modification of the sentence is considered as a result of the examination of the record by this court.

*Did the trial court lack jurisdiction to impose sentence?*

The defendant was initially arraigned on one count of forgery. The case ultimately proceeded to trial on January 7, 1969, on an amended information which alleges seven counts of forgery. Two of the alleged offenses occurred in Milwaukee county and the other five counts represented a consolidation of offenses from three other counties.[1] The defendant pled guilty and evidence of 26 other forgery offenses were read into the record. It appears that the total amount of money involved in all the forgeries, both charged and read in, amount to in excess of $3,000; that the checks uttered were those of commercial businesses that had been stolen; and that two other parties were involved, one of whom had been convicted and the other was awaiting trial.

The case was adjourned to January 27, 1969, at the request of defense counsel, at which time sentence was imposed. The defendant now argues that because the

---

[1] Sec. 956.01 (13), Stats. 1967, now sec. 971.09.

trial court did not expressly pronounce guilt on January 7th it either lost or waived jurisdiction to impose sentence on January 27th.

This court has not so construed the provisions of sec. 959.01, Stats. 1967.[2]

In *Spiller v. State* (1971), 49 Wis. 2d 372, 377, 378, 182 N. W. 2d 242, this court stated:

"While subsection (2) of sec. 959.01, Stats., provides the court has the duty to pronounce 'judgment' upon conviction and may adjourn the case from time to time for that purpose, the word 'judgment' here means sentencing. Neither sec. 959.01 (1) or (2) requires a formal judgment of conviction and we think the acceptance by the court of the jury's verdict of guilty was tantamount to a pronouncement of Spiller's legal status of having been convicted. . . ."

In *Spiller* this court refused to set aside a sentence imposed that was not preceded by a formal pronouncement of guilty. The court then noted that the new Criminal Code, sec. 972.13, Stats., would relieve the lack of uniformity and formality in adjudicating guilt and imposing sentence.

The rationale of this court in the *Spiller* decision is dispositive of this issue in the instant case.

The argument that the trial court lost both personal and subject matter jurisdiction because it adjourned the

[2] "959.01 **Conviction; judgment thereon.** (1) A person may be convicted only upon a verdict of guilty by the jury, a finding of guilty by the court in cases where a jury is waived, or a plea of guilty or nolo contendere.

"(2) Upon conviction the court has a duty to pronounce judgment and may adjourn the case from time to time for that purpose. In cases where s. 959.15 is applicable that section is controlling, but in all other cases the court must either impose or withhold sentence and, if the defendant is not fined or imprisoned, he must be placed on probation as provided in ch. 57. Execution of sentence may not be stayed except as provided in ch. 57 and ss. 958.14 and 959.055 (1)."

case for twenty days without making an explicit finding of guilt or ordering a presentence investigation has no substance.

Personal jurisdiction in a criminal case attaches by an accused's physical presence before the court pursuant to a properly issued warrant, a lawful arrest or a voluntary appearance, and continues throughout the final disposition of the case. *See Pillsbury v. State* (1966), 31 Wis. 2d 87, 142 N. W. 2d 187. The defendant made no objection at the time of sentencing, or at any time, to the personal jurisdiction of the court; thus, any objection thereto has been waived. *See: Day v. State* (1971), 52 Wis. 2d 122, 125, 187 N. W. 2d 790; *Belcher v. State* (1969), 42 Wis. 2d 299, 166 N. W. 2d 211, and cases cited therein. Furthermore, it appears that the adjournment in the instant case was granted in response to a request by defense counsel.

Criminal subject matter jurisdiction, on the other hand, is the ". . . power of a court to inquire into the charge of the crime, to apply the law, and to declare the punishment in the court of a judicial proceeding and is conferred by law." *Pillsbury v. State, supra,* page 94. It can neither be waived nor conferred upon the court by consent. *Crummel v. State* (1970), 46 Wis. 2d 348, 174 N. W. 2d 517; *Logan v. State* (1969), 43 Wis. 2d 128, 168 N. W. 2d 171; *Belcher v. State, supra,* page 309. The circuit court for Milwaukee county has subject matter jurisdiction of an offense in violation of sec. 943.38 (2), Stats.

*Did the trial court abuse its discretion in sentencing?*

The defendant was fifty-seven years of age, in poor health, and had spent approximately 50 percent of his life in prisons in Michigan, Illinois and Wisconsin, as a result of various previous convictions, including armed robbery, burglary and forgery. The defendant also alleges a drinking problem. The trial court indicated a

presentence investigation would probably be of no value due to the defendant's present involvement in a number of forgeries and because of his past record. The defendant had been out of prison approximately seven months when the instant offenses took place. The primary thrust of defendant's argument at the time of sentencing was directed to the poor condition of his health. Medical records in support thereof were presented.

The record reflects that the trial court was cognizant of all the factors advanced by the defendant when it imposed sentence. It further reflects that the trial court considered defendant's past record when imposing the sentence for the present episode of forgeries. It was appropriate to do so. *Brown v. State* (1971), 52 Wis. 2d 496, 500, 190 N. W. 2d 497. The sentence here imposed was not so excessive as to constitute cruel and unusual punishment. Under the circumstances of the instant case, the sentence imposed was not excessive. *See McCleary v. State* (1971), 49 Wis. 2d 263, 290, 182 N. W. 2d 512. *Brown v. State, supra.*

Finally, defendant argues that his sentence was disproportionate to the other individuals involved in the same crimes. However, the mere disparity of sentences between persons convicted of the same or similar crimes does not, in itself, constitute a denial of equal protection. *State v. Schilz* (1971), 50 Wis. 2d 395, 406, 184 N. W. 2d 134:

"There is nothing in the record to show that any disparity in the treatment of the defendant and others involved in the incident was arbitrary or based on considerations not pertinent to proper sentencing discretion."

*Modification of sentence.*

The record contains the initial pleadings relating to one count of forgery in Milwaukee county and an amended information reciting two counts of forgery in Milwaukee county and the five forgery counts from three

other counties. The certificate of conviction and sentence recites conviction of 12 forgery counts (sec. 943.38 (2), Stats.) and the imposition of a ten-year sentence on count one and a ten-year sentence on counts two through 12, each to run concurrently with the term imposed on count one. This is supported by the pronouncement of the trial court at the time the sentences were imposed. Considerable testimony was taken during these proceedings and at various times there is reference by the assistant district attorneys to both seven counts and 12 counts of forgery. However, the record before this court does not contain an information charging 12 counts of forgery. This discrepancy may be the result of a combination of circumstances. There were a number of continuances, several changes in attorneys for the defendant, appearances by a number of assistant district attorneys, and a change of trial judges as a result of an affidavit of prejudice filed by the defendant.

Inasmuch as the record presented to this court contains only the amended information dated November 15, 1968, charging the defendant with seven counts of forgery, it is necessary that the sentence imposed be modified. Accordingly, the sentence is modified to provide that the defendant be sentenced to an indeterminate term of not more than ten years on count one, and an indeterminate term of not more than ten years on counts two through seven, each sentence to run concurrent with the term imposed on count one, and as so modified the judgment and sentence is affirmed. The sentence, as modified, shall commence on the date of defendant's original sentence.

*By the Court.*—Sentence modified, and order affirmed.