STATE, Respondent, v. SMITH, Appellant.

*No. State 65.  Argued June 7, 1972.—Decided June 30, 1972.*
(Also reported in 198 N. W. 2d 588.)

---

[5] *See Cox v. Louisiana* (1965), 379 U. S. 559, 85 Sup. Ct. 476, 13 L. Ed. 2d 487, rehearing denied, 380 U. S. 926, 85 Sup. Ct. 879, 13 L. Ed. 2d 814.

For the appellant there were briefs and oral argument by *James H. McDermott*, state public defender.

For the respondent the cause was argued by *Thomas J. Balistreri*, assistant attorney general, with whom on the brief was *Robert W. Warren*, attorney general.

HANLEY, J. The following issues are raised on this appeal:

(1) Was the order of the department invalid and a nullity because of defects apparent on the face of the order;

(2) Was the order invalid and a nullity because the evidence adduced at trial shows that it was issued pursuant to a decision made by employees of the department, rather than by the department itself;

(3) Did the trial court lack jurisdiction to review the department's order;

(4) Does the evidence support the determination of the trial court that it was necessary to continue control over the defendant;

(5) Did the trial court err in ruling on the materiality of evidence; and

(6) Should the court's order be set aside because of the absence of an exhibit from the record on appeal?

*Defects in order.*

Defendant contends that the order of the department is defective in that it does not disclose the statutory reasons for the conclusion that the discharge of defendant would be dangerous to the public. Sec. 975.13, Stats., reads in part as follows:

"If the department is of the opinion that discharge of a person from its control . . . would be dangerous to the public for reasons set forth in s. 975.14, it shall make an order directing that he remain subject to its control . . . ."

Sec. 975.14 (2), Stats., requires the court to find that discharge from the control of the department would be dangerous to the public "because of the person's mental or physical deficiency, disorder or abnormality" before the department's order can be confirmed. Defendant therefore argues that the order of the department should have specified that he was dangerous to the public because of his mental or physical deficiency, disorder or abnormality.

We see no merit to this contention. The statutes do not specifically require the department to repeat the statutory language in its order; it is sufficient if the department's order informs defendant that the department believes his release would be dangerous to the public. Furthermore, there is absolutely no showing of any respect in which defendant was prejudiced by the absence of the statutory language from the order. Therefore, even if this could be considered error, it would be harmless beyond a reasonable doubt.

Defendant also contends that the order was a nullity because it made reference to sec. 975.13, Stats., rather than the predecessor statute, sec. 959.15 (13), Stats. 1967, which governs prosecutions commenced prior to July 1, 1970. However, as noted in *Peterson v. State* (1972), 54 Wis. 2d 370, 377, 378, 195 N. W. 2d 837, since the new statute is merely a renumbering of the old, with no material changes in the statutory language, the argument is without merit.

*Order as decision of department's employees.*

Defendant contends that the testimony of the state's witness, Dr. Raymond E. Anderson, a clinical psycholo-

gist on the staff of the Wisconsin state prison, demonstrates that the department's order was not really that of the department itself, but merely the "mere echo" of a decision reached on October 28, 1970, by Dr. Anderson and a psychiatric social worker named Mr. Biever. Clearly, the only way the department can function is through its employees, who must determine whether control over a person committed under the sex crimes law should be continued. The employees of the department made such determination in this case; and their recommendation was embodied in an order of the department. The orders of the department are presumptively valid and correct. 73 C. J. S., *Public Administrative Bodies and Procedure*, p. 479, sec. 146; *Madison Bus Co. v. Public Service Comm.* (1953), 264 Wis. 12, 14, 58 N. W. 2d 463.

This case is clearly distinguishable from *State ex rel. Farrell v. Schubert* (1971), 52 Wis. 2d 351, 190 N. W. 2d 529, where the department merely "affirmed" a recommendation made by a special review board. In the instant case, the record shows that the order continuing control over defendant came from the department, and not from any inferior panel.

*Jurisdiction of reviewing court.*

It is contended that the reviewing court lacked jurisdiction in this case because it failed to review the order of the department at least ninety days before the time defendant was to be discharged. The defendant bases this assertion on sec. 959.15 (13), Stats. 1967, which provides that the department, after ordering that control be continued, must "make application to the committing court for a review of that order at least 90 days before the time of discharge stated," which in this case was February 2, 1971. Although the application

for review was made by the department on October 30, 1970, the hearing on that application did not commence until January 29, 1971. It is contended that the ninety-day period of time set forth in the statute refers to the time of the hearing itself rather than the time for the application for the hearing. We think that this construction is strained and not supported by the natural import of the statute. Clearly, the ninety-day period refers to the application made by the department and not to the date of hearing. The entire section instructs the department how to proceed; and it is illogical to assume that the ninety-day period applies to the court rather than the department.

## Sufficiency of the evidence.

Defendant asserts that the evidence adduced at the hearing was insufficient to support the trial court's order confirming the order of the department. In cases such as this, the state has the burden of proof to establish to a reasonable certainty by the greater weight of the credible evidence that the defendant needs additional specialized treatment. *Goetsch v. State* (1969), 45 Wis. 2d 285, 294, 172 N. W. 2d 688. The state met its burden in this case.

Dr. Anderson, the state's only witness, testified that defendant was suffering from "a sociopathic disturbance with sexual deviation and antisocial acting-out tendencies" and that defendant was inclined toward rape. He concluded that it would be dangerous to release defendant at this time because of the high probability that defendant would "engage in aggressive assaults against women." The doctor went so far as to predict that, if released at this time, defendant would eventually assault, and possibly injure or kill, an adult female. The expert witnesses called by the defense were not as ada-

mant as Dr. Anderson. One witness testified that he could not say to a reasonable medical certainty whether defendant was dangerous at this time, while the other, in a letter to the court, stated that he believed defendant to be dangerous, but to a degree which he could not determine with certainty. The trial court concluded that the evidence clearly established defendant's need for continued specialized treatment. The court's determination is supported by the evidence in the record.

### Materiality of evidence.

On cross-examination, Dr. Anderson was questioned as to how often sex deviates were transferred to the Wisconsin correctional institution. An objection to this line of questioning was sustained by the trial court. The defense contends that this line of questioning was proper, since it could tend to show that defendant, whose transfer to Fox Lake was contemplated, was not considered dangerous. The doctor did testify that sex deviates were occasionally transferred to the correctional institution, but it was not the potential danger of the person involved which determined whether he would be transferred, but whether he would benefit from vocational training available at Fox Lake. Since the primary inquiry at the hearing was whether defendant was dangerous to the public because of a mental or physical deficiency, disorder or abnormality, the inquiry into the frequency of transfers of other sex deviates to Fox Lake was immaterial, and the objection was properly sustained.

### Exhibit missing on appeal.

The defendant finally contends that the order appealed from should be set aside because state's Exhibit No. 1 is not included with the record on appeal. The exhibit

included the past psychological records and tests of defendant, which were relied on, in part, by Dr. Anderson. The contention that the absence of this exhibit on appeal warrants a reversal of the trial court's determination, however, is without merit. First, a stipulation signed by both the public defender and an assistant district attorney shows that both parties were satisfied that the transcript contained all the testimony and evidence introduced at the hearing. Second, if the public defender objected to the sufficiency of the record on appeal, he should have brought a motion for the correction of the defect, pursuant to sec. (Rule) 251.30, Stats. Finally, it is the general rule that the appellant has the duty to see that the evidence material to the appeal is in the record; and his failure to incorporate such evidence into the record on appeal may be grounds for dismissal of the appeal or writ of error. 4A C. J. S., *Appeal & Error*, pp. 1114, 1115, sec. 1104.

We conclude that defendant's contentions do not warrant a reversal. The trial court properly confirmed the order of the department.

*By the Court.*—Order affirmed.