STATE, Respondent, v. DUDREY, Appellant.

*No. State 141.  Argued May 1, 1973.—Decided June 8, 1973.*
(Also reported in 207 N. W. 2d 822.)

For the appellant there was a brief and oral argument by *Howard B. Eisenberg,* state public defender.

For the respondent the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

BEILFUSS, J. The first issue is whether the trial court lacked jurisdiction to review the department's order.

The defendant argues that the reviewing court lacked jurisdiction to review the department's order because it was not acted upon within ninety days before he was to be discharged by virtue of sec. 975.13, Stats. We believe the court had jurisdiction to review the order. In *State v. Smith* (1972), 55 Wis. 2d 451, 198 N. W. 2d 588, this same contention was made and found to be without merit. The court stated at pages 456, 457:

"It is contended that the reviewing court lacked jurisdiction in this case because it failed to review the order of the department at least ninety days before the time

defendant was to be discharged. The defendant bases this assertion on sec. 959.15 (13), Stats. 1967, which provides that the department, after ordering that control be continued, must 'make application to the committing court for a review of that order at least 90 days before the time of discharge stated,' which in this case was February 2, 1971. Although the application for review was made by the department on October 30, 1970, the hearing on that application did not commence until January 29, 1971. It is contended that the ninety-day period of time set forth in the statute refers to the time of the hearing itself rather than the time for the application for the hearing. We think that this construction is strained and not supported by the natural import of the statute. Clearly, the ninety-day period refers to the application made by the department and not to the date of hearing. The entire section instructs the department how to proceed; and it is illogical to assume that the ninety-day period applies to the court rather than the department."

At bar, the department, on November 3d, made timely application to have its order reviewed. The court had subject-matter jurisdiction to review that order notwithstanding the expiration of the ninety-day period.

While the record indicates the court did not order the return of the defendant to Douglas county until February 14, 1972, two days after the expiration of the original commitment, it was the filing of the application with the court within ninety days of the expiration that gave the court jurisdiction.

The court did not lose jurisdiction by failing to act within the ninety-day period. A two-day delay in ordering the return of the defendant is de minimis. Nevertheless, because the defendant's liberty was restrained, he is entitled to a reasonably prompt hearing to review the order of the department continuing his commitment. However, there may be many legitimate reasons for a delay or continuance, such as an overburdened calendar, adequate preparation by either the state or the defend-

ant, and others. An unreasonable delay can probably be challenged by a writ of mandamus or habeas corpus.

The defendant also maintains that the department lacked the constitutional power to extend the defendant's commitment beyond February 12th without first obtaining judicial authorization. It is argued that after February 12th he was no longer subject to recommitment as a sex deviate and therefore was entitled to be released. Although the department, as an administrative agency, does not have a specific mandate of power from the constitution to extend and continue its control over defendant, it does have the statutory power to do so. In *State ex rel. Volden v. Haas* (1953), 264 Wis. 127, 132, 58 N. W. 2d 577,[2] this court stated that ". . . administrative boards may constitutionally exercise such judicial power as is incidental to their administration of the particular statutes which the legislature has given them to administer. . . ." This is what the department did. It maintained its control by departmental order until the court held a hearing to review its order. Therefore the commitment was authorized. It is not violative of art. VII, sec. 2 of the Wisconsin Constitution vesting judicial power in the courts, or art. IV, sec. 4 of the United States Constitution on the separation of power doctrine. In *State v. Lehtola* (1972), 55 Wis. 2d 494, 498, 198 N. W. 2d 354, this court stated:

"Some mixing of powers is permissible and the field of administrative law is also an example. *See Highland Farms Dairy v. Agnew* (1937), 300 U. S. 608, 57 Sup. Ct. 549, 81 L. Ed. 835. Unless a power transferred from one branch of the government to another branch is substantial or its retention essential to the 'separation of

[2] The *Haas* decision was only overruled in part to the extent that the language in that decision which stated due process does not require a hearing on the administrative report and recommendation for specialized treatment is no longer approved and hereby is withdrawn.

power' doctrine, there is no violation of art. IV, sec. 4, of the constitution which provides the United States shall 'guarantee to every state in this union a Republican form of government.' "

Defendant further contends that under sec. 57.078, Stats.,[3] he was entitled to the full return of his civil rights after February 12th, which thereby precludes the department from extending his incarceration and a mandatory appearance before the court. This is not a correct application of the statute under the facts at bar. The *Smith, Lehtola* and *Haas* decisions not only insure the court's jurisdiction but also the department's authority to maintain its control over defendant until the court has made a disposition of the matter by hearing. Sec. 959.15 (18), Stats. 1967, states that all statutes conflicting with this section are ". . . superseded to the extent of the conflict and the provisions of this section shall prevail over conflicting provisions heretofore enacted." Therefore, sec. 57.078, on the restoration of one's rights, cannot prevail over the provisions of sec. 959.15.

The defendant contends he has a constitutional right to a jury trial as to an extension of his commitment as a sex deviate by virtue of the equal protection clause of the fourteenth amendment to the United States Constitution.

We agree. This same issue has been raised and decided today by our decision in *State ex rel. Farrell v. Stovall,* ante, p. 148, 207 N. W. 2d 822. For this reason alone the orders of the court confirming the order of the department extending the defendant's commitment must be set aside and a new hearing provided. Upon remand the defendant shall remain in the custody of the department until released to the sheriff of Douglas county for

---

[3] Sec. 57.078, Stats. 1967, provides in part: "Civil rights restored to convicted persons satisfying sentence. Every person who is convicted of crime obtains a restoration of his civil rights by serving out his term of imprisonment or otherwise satisfying his sentence. . . ."

the purpose of the rehearing. At the rehearing the defendant is entitled to a jury trial in the same manner as provided in ch. 51, Stats., for civil mental commitments by virtue of the equal protection clause.

Because we have granted the defendant a new hearing for the confirmation of the department's extension order and the underlying question of whether the defendant would be dangerous to the public because of his mental or physical deficiency, disorder or abnormality,[4] we need not decide the defendant's contention that the state has not met its burden of proof.

It is, however, appropriate to point out that in *State v. Smith, supra,* we stated at page 457:

". . . In cases such as this, the state has the burden of proof to establish to a reasonable certainty by the greater weight of the credible evidence that the defendant needs additional specialized treatment. *Goetsch v. State* (1969), 45 Wis. 2d 285, 294, 172 N. W. 2d 688. . . ."

Further, if the reports of the department and other reports of medical experts are to be received in evidence, without the experts being called as witnesses, it must be upon stipulation of the parties. The defendant, and for that matter the state, has a right of confrontation and cross-examination of the witness.

*By the Court.*—Orders reversed and cause remanded for rehearing consistent with this opinion.

---

[4] Sec. 975.14 (2), Stats.