STATE of Wisconsin, Plaintiff-Respondent,

v.

Charles DIETZEN, Defendant-Appellant.†

Court of Appeals

*No. 90-2904-CR. Submitted on briefs June 6, 1991.—Decided August 1, 1991.*

(Also reported in 474 N.W.2d 753.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Charles B. Dietzen, pro se,* of Waupun.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle,* attorney general, and *William L. Gansner,* assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

EICH, C.J.   Charles Dietzen appeals from an order denying his motion for postconviction relief under sec. 974.06, Stats., following his conviction for theft. The issues are: (1) whether several misdemeanor theft charges were properly aggregated into a single felony charge; (2) if so, whether the evidence supported conviction on the felony charge; (3) whether the prosecutor acted vindictively in issuing a third complaint; (4) whether Dietzen was induced to plead no contest to the felony because of intolerable conditions in the county jail; and (5) whether his sentence was either excessive or not in conformity with the state sentencing guidelines. We resolve all issues against Dietzen and affirm the order.

Dietzen used false identification to rent several movies, video games, and a video game machine from three businesses. After he failed to return the items, he was charged with three counts of theft by failure to

return rented property with a value of less than $500.[1] The complaint also charged him with retail theft for stealing merchandise from a grocery[2] and obstructing an officer for giving false information to the police as to his identity and address.[3] All five charges are misdemeanors.

Pursuant to a plea bargain, an amended complaint was filed consolidating the three theft-of-rental-property counts into a single felony charge to which Dietzen pleaded no contest: Class E felony theft—theft of property with a value in excess of $500, but less than $2,500. Sec. 943.20(1)(e) and (3)(b), Stats. The state dismissed the other two charges. Upon his conviction, Dietzen was sentenced to two years in prison, the maximum sentence for Class E felony theft.[4]

Six months later, Dietzen filed a *pro se* motion for postconviction relief, claiming that the trial court was "without jurisdiction to impose the sentence" and that his detention in the county jail had violated his fifth, eighth and fourteenth amendment rights because of "intolerable conditions" in the county jail. After a hearing at which court-appointed counsel appeared with Dietzen, the trial court denied the motion in all respects and this appeal followed.

Dietzen argues first that the court lacked jurisdiction over him because the state improperly aggregated the misdemeanor charges into a felony. The state concedes that the prosecutor had no specific statutory

---

[1]*See* sec. 943.20(1)(e), Stats.

[2]*See* sec. 943.50(1), Stats.

[3]*See* sec. 946.41(1), Stats.

[4]He was also sentenced to concurrent terms of six and nine months for theft and marijuana possession convictions in other counties. An order was also entered requiring him to pay $1,583 in restitution.

authority to aggregate the charges[5] but argues that the state was not statutorily *prohibited* from doing so and that—since the issue is not jurisdictional—Dietzen has waived his right to challenge it by pleading no contest to the amended charge.

A plea of guilty or no contest, when knowingly and voluntarily made, waives all nonjurisdictional defects and defenses. *State v. Princess Cinema of Milwaukee,* 96 Wis. 2d 646, 651, 292 N.W.2d 807, 810 (1980). "Jurisdictional defects" can involve the court's personal jurisdiction over the person of the defendant or the court's jurisdiction over the subject matter of the proceeding.

"Personal jurisdiction in a criminal case attaches by an accused's physical presence before the court pursuant to a properly issued warrant, a lawful arrest or a voluntary appearance, and continues throughout the final disposition of the case." *Kelley v. State,* 54 Wis. 2d 475, 479, 195 N.W.2d 457, 459 (1972). Since Dietzen made no objection to the personal jurisdiction of the court before entering his plea, any such objection has been waived. *Id.*

Criminal subject matter jurisdiction, on the other hand, is the "power of a court to inquire into the charge of the crime, to apply the law, and to declare the punishment in the court." *Kelley,* 54 Wis. 2d at 479, 195 N.W.2d at 459. Subject matter jurisdiction is conferred on the court by law; it cannot be conferred by consent,

[5]Section 971.36(3), Stats., provides that "[i]n any case of theft involving more than one theft, all thefts may be prosecuted as a single crime if . . . [t]he property belonged to more than one owner and was stolen from the same place pursuant to a single intent and design."

nor can it be waived. *State v. Cvorovic,* 158 Wis. 2d 630, 634, 462 N.W.2d 897, 898 (Ct. App. 1990). A court does not have subject matter jurisdiction over a nonexistent offense. *Id.*

■

There is no dispute that the amended complaint in this case alleged a crime. It either alleged a single felony count of rental theft or, as Dietzen urges, three misdemeanor counts of the same crime. The misdemeanors were combined into one felony *at Dietzen's own request* in order to accommodate his wishes to be imprisoned in the state prison rather than in the county jail. He pleaded no contest to the charge, and there is no dispute that the trial court properly applied the law and declared Dietzen's punishment. Thus, the trial court had both subject matter jurisdiction over the proceeding and personal jurisdiction over Dietzen and he has waived any objection to the "aggregation" of the misdemeanor charges into a single felony.

■

Dietzen next argues that the state's evidence was insufficient to support the felony charge. Like the first claim, he has waived his right to make this argument by pleading no contest. *Princess Cinema,* 96 Wis. 2d at 651, 292 N.W.2d at 811; *see also* sec. 971.31(5)(c), Stats. ("In felony actions, objections based on the insufficiency of the complaint shall be made prior to the preliminary examination or waiver thereof or be deemed waived.").[6]

---

[6]The state also makes the persuasive argument that because aggregation of the charges was entirely Dietzen's idea and was done at his request in order to allow him to serve his term in a state facility rather than the county jail, he has not only waived any right to challenge that aggregation but also the sufficiency of the evidence to support the "aggregated" charge.

Dietzen next contends that the state acted vindictively when, after he initially refused to accept an offered plea bargain, the prosecutor filed an amended complaint alleging three felony charges.

Dietzen never raised this argument in the trial court, and it is thus waived. *State v. Dean,* 105 Wis. 2d 390, 402, 314 Wis. 2d 151, 157–58 (Ct. App. 1981). In addition, there is nothing in the record indicating such a complaint was filed. The only amended complaint in the record is the one here under discussion charging a single count of class E felony theft. And the trial court's docket entries indicate that that complaint was the only amended complaint filed in the case. If there was another document relevant to Dietzen's appeal, it was his responsibility to see that it was made a part of the appellate record. *State v. Smith,* 55 Wis. 2d 451, 459, 198 N.W.2d 588, 593 (1972). We cannot review what is not before us.

Dietzen next argues that he was induced to plead no contest to the felony because of "intolerable conditions" in the county jail where he was incarcerated awaiting disposition of the charges. Here, too, there is no evidence in the record relating to conditions in the jail or that Dietzen's incarceration "induced" his plea, and we need not consider his argument further.

Dietzen also contends that his sentence on the felony theft charge is excessive and not within the state's sentencing guidelines. We review sentencing decisions for abuse of discretion, *State v. Harris,* 119 Wis. 2d 612, 622, 350 N.W.2d 663, 638 (1984), and "in light of a strong policy against interference with the discretion of

212

the trial court in passing sentence." *Elias v. State,* 93 Wis. 2d 278, 281, 286 N.W.2d 559, 560 (1980).

The primary factors to be considered in imposing sentence are the gravity of the offense, the character and rehabilitative needs of the offender, and the need for protection of the public. *McCleary v. State,* 49 Wis. 2d 263, 275-76, 182 N.W.2d 512, 519 (1971). The trial court abuses its discretion when "the sentence is so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances." *State v. Sarabia,* 118 Wis. 2d 655, 673, 348 N.W.2d 527, 537 (1984).

Dietzen received the maximum two-year sentence on the felony theft charge. In imposing the sentence, the trial court considered his personal background, his employment record, his education and character. The court explained that it thought that a two-year sentence was appropriate in light of the number of current offenses, the fact that there were multiple victims and the fact that the crimes, when coupled with those Dietzen committed contemporaneously in other counties, showed "some sort of sophistication or plan." Placing "great weight" on his prior criminal record, the court explained that incarceration was necessary "to protect the public from further criminal activity of this defendant."

The trial court's decision was carefully reasoned and based on appropriate factors. The sentence does not "shock public sentiment" or "violate the judgment of reasonable people" as to what is fair and appropriate. *See Sarabia,* 118 Wis. 2d at 673, 348 N.W.2d at 537. Thus, the trial court did not abuse its discretion.

Finally, we do not consider Dietzen's claim that the sentence deviates from the state's sentencing guidelines because this claim may not be pursued on appeal. Sec. 973.012, Stats.; *State v. Halbert,* 147 Wis. 2d 123, 129–30, 432 N.W.2d 633, 636 (Ct. App. 1988).

*By the Court.*—Order affirmed.