STATE of Wisconsin, Plaintiff-Appellant,†

v.

James L. ANDREWS, Defendant-Respondent.

Court of Appeals

*No. 92-1349-CR-FT. Submitted on briefs August 11, 1992.—Decided September 16, 1992.*

(Also reported in 491 N.W.2d 504.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James E. Doyle,* attorney general, and *William L. Gansner,* assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Karl E. Huebner* of *Rummel & Grable* of Oconomowoc.

Before Brown, Anderson and Snyder, JJ.

SNYDER, J.   The State of Wisconsin appeals for the second time from James Andrews' judgment of conviction for delivery of a controlled substance and from the resulting order of probation. On remand, the trial court held that the University of Wisconsin—Oshkosh does not qualify as a school under sec. 161.49, Stats., an

argument Andrews first presented following the remand, and therefore that the sec. 161.49 school area penalty enhancer relied upon by the state was not applicable. The trial court agreed and thus reinstated its original order of six years probation, but on different grounds than the first time.

On appeal, the state argues that by doing so the trial court ignored the remand directions of this court. The state also argues that Andrews should not have been allowed at resentencing to assert for the first time that his conduct did not fall within the penalty enhancer statute because he waived that claim by entering his plea and because there was another eligible school within 1000 feet of the drug delivery location. We reject those arguments and affirm the sentence of probation ordered by the trial court.

In December 1989, Andrews sold $25 worth of LSD to an undercover officer in a bar across the street from the UW—Oshkosh campus. He was charged with delivery of a controlled substance in violation of secs. 161.41 and 161.49(1) and (2)(a), Stats., and was convicted upon a plea of no contest.

Andrews was sentenced in July 1990. Some dispute arose over the applicable sentencing law because under the newly enacted sec. 161.438, Stats., the old mandatory minimum sentences became presumptive minimum sentences effective January 31, 1990. *See* secs. 53m and 3203, 1989 Wis. Act 121. also permitted probation in limited circumstances. Although the charged offense occurred before the statute's effective date, the trial court gave Andrews the benefit of the new law and ordered a six-year term of probation with various conditions, including six months in the county jail during nonworking hours.

The state appealed. We agreed that *State v. Hermann,* 164 Wis. 2d 269, 474 N.W.2d 906 (Ct. App. 1991), prohibited the retroactive application of sec. 161.438, Stats. *State v. Andrews,* No. 90-2132-CR, unpublished slip op. (Wis. Ct. App. Oct. 16, 1991). We therefore reversed and remanded with directions that the circuit court "apply the provisions of sec. 161.49, Stats., rather than 161.438, Stats." *Andrews,* slip op. at 2–3.

On remand, Andrews argued for the first time that the trial court should not apply sec. 161.49, Stats.,[1] because UW—Oshkosh is not a "school" within the meaning of the statute.[2] Also for the first time, the state

---

[1]Section 161.49, Stats., provides in relevant part:

**161.49 Distribution of or possession with intent to deliver a controlled substance on or near certain places. (1)** If any person violates [relevant portions of sec. 161.41, Stats.,] by distributing or . . . by possessing with intent to deliver, a controlled substance included under s. 161.14(7)(a) or 161.16(2)(b) . . . while in or otherwise within 1,000 feet of a state, county, city, village or town park, a swimming pool open to members of the public, a youth center or a community center, *while on or otherwise within 1,000 feet of any private or public school premises* or while on or otherwise within 1,000 feet of a school bus, as defined in s. 340.01(56), the maximum term of imprisonment prescribed by law for that crime may be increased by 5 years.

(2) (a) Except as provided in par. (b), if any person violates s. 161.41(1) by distributing, or violates s. 161.41(1m) by possessing with intent to deliver, a controlled substance listed in schedule I or II while in or otherwise within 1,000 feet of a state, county, city, village or town park, a swimming pool open to members of the public, a youth center or a community center, *while on or otherwise within 1,000 feet of any private or public school premises* or while on or otherwise within 1,000 feet of a school bus, as defined in s. 340.01(56), the court shall sentence the person to at least 3 years in prison, but otherwise the penalties for the crime apply . . .. [Emphasis added.]

[2]Not only did Andrews not object at the original sentencing to UW—Oshkosh being the basis for the sec. 161.49, Stats.,

claimed that although not alleged in the complaint, it had been prepared to prove at trial that the transaction occurred within 1000 feet of an elementary school as well. The state thus asserted that Andrews' failure to earlier raise the statutory challenge waived that claim and that Andrews' no contest plea relieved the state of the burden of proving proximity to the elementary school.

The trial court agreed with Andrews that UW—Oshkosh is not a "school" under the statute and, stating that it was limited to the complaint, also refused to consider the elementary school for sentencing purposes. The court then reinstated the previous sentence of six years probation with conditions. The state again appeals.

The state first argues that the trial court "violated the clear mandate of this court" and, therefore, sec. 808.08(1), Stats., when it did not sentence Andrews in accordance with sec. 161.49, Stats. We disagree. Section 808.08(1) provides that upon remittitur, if a trial court is ordered to take specific action it "shall do so as soon *as possible.*" (Emphasis added.) For the reasons we discuss below, we conclude it was not "possible" for the trial court to follow this court's earlier mandate.

The state urges us to ignore Andrews' argument that the UW—Oshkosh campus is not a "school" within the meaning of sec. 161.49, Stats. It claims that by pleading no contest and waiting until the resentencing hearing to raise that challenge, Andrews has waived any right to challenge his sentencing pursuant to that statute.

---

enhancer, his attorney related on the record that the incident occurred "fairly close to a school, a college, though, as opposed to a middle level or an elementary school . . . and it appeared to be across the street from UW-Oshkosh. As a result, the enhancer statute applies. I don't argue that."

██

We cannot agree that waiver is appropriate. A plea of guilty or no contest, when knowingly and voluntarily made, waives all *nonjurisdictional* defects and defenses. *State v. Dietzen,* 164 Wis. 2d 205, 210, 474 N.W.2d 753, 755 (Ct. App. 1991). *Jurisdictional* defects, which cannot be waived, may involve the court's jurisdiction over the subject matter of the proceeding. *Id.* at 210–11, 474 N.W.2d at 755. One aspect of criminal subject matter jurisdiction is the power of the court to declare punishment. *Id.* at 210, 474 N.W.2d at 755. Andrews could not waive the applicability of the penalty enhancer statute because the trial court would have been without jurisdiction to sentence him pursuant to that statute if the transaction did not occur within 1000 feet of some prohibited area. Accordingly, if the UW—Oshkosh campus is not a "school" within the meaning of sec. 161.49, Stats., a sentence imposed pursuant to that statute would be illegal and beyond the court's jurisdiction.

██

We turn, then, to a consideration of whether the UW—Oshkosh campus constitutes school premises under the statute. This presents a matter of statutory construction. Statutory construction is a question of law and is reviewed without deference to the trial court. *Hermann,* 164 Wis. 2d at 276–77, 474 N.W.2d at 908–09.

A "public school" is one of the "elementary and high schools supported by public taxation." Section 115.01, Stats. A "private school" is an institution which either meets the criteria of sec. 118.165(1), Stats., or is determined to be private by the state superintendent. Section 115.001(3r), Stats. A University of Wisconsin campus, such as at Oshkosh, does not fit either definition.

We recognize that the terms in secs. 115.001 and 115.01, Stats., are defined for purposes of chs. 115 to 121,

Stats. *See* introductory clauses to secs. 115.001 and 115.01. We do not think this is fatal to our analysis, however. Chapter 161, Stats., is known as the Uniform Controlled Substances Act. Section 161.62, Stats. A federal statute, 21 U.S.C. § 860, apparently served as a model for this law. *See Hermann,* 164 Wis. 2d at 278 & n.2, 474 N.W.2d at 909. Section 161.49, Stats., and 21 U.S.C. § 860 are substantially similar in that both provide for a stiffer penalty if the drug sale takes place within 1000 feet of various specified places where children and young people congregate. The statutes are not identical, however: 21 U.S.C. § 860 expressly proscribes the sale of drugs within 1000 feet of "the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university." Section 161.49, by contrast, enhances the penalty for drug sales within 1000 feet of "any private or public school premises." We presume the difference in language reflects a deliberate choice because we presume our legislature enacted sec. 161.49 with full knowledge of existing law. *See Wood v. American Family Mut. Ins. Co.,* 148 Wis. 2d 639, 646, 436 N.W.2d 594, 597 (1989).

██

In addition, when faced with a similar question, the attorney general also looked to the sec. 115.01, Stats., definition of "public school." 61 Op. Att'y Gen. 294, 296 (1972). He was asked whether a statute prohibiting the issuance of Class A and Class B liquor licenses within 300 feet of "the main entrance of any established public school [or] parochial school" was violated by issuing such a license within 300 feet of a state university. He answered "No," reasoning in part that the sec. 115.01 definition meant only elementary and high schools, not state-supported colleges or universities. 61 Op. Att'y

Gen. at 296. That opinion, coupled with the apparently deliberate exclusion of the words "college" and "university" from sec. 161.49, Stats., persuades us that the UW—Oshkosh campus does not qualify as a "school" within the meaning of sec. 161.49. Accordingly, because the trial court would not have authority to impose the minimum mandatory sentence unless a qualifying school were timely alleged and proved, the trial court did not err in the review of that matter at the resentencing.

At the resentencing hearing, the state asserted that it had been prepared to prove at trial that the transaction occurred within 1000 feet of Lincoln Elementary School, as well as within 1000 feet of the university campus. Unfortunately for the state, that factor was not introduced until after the criminal complaint and information were filed, the plea of no contest entered and accepted, the judgment of conviction entered, and a sentence imposed. The trial court appropriately did not consider the elementary school at the resentencing hearing because to allow the state to support the school area enhancer at that late hour would be akin to allowing the state to reopen and amend the pleadings. Once a defendant has been arraigned and his or her plea accepted, the charging documents may not be amended for sentence enhancement purposes. *See State v. Martin,* 162 Wis. 2d 883, 900, 470 N.W.2d 900, 907 (1991).

The record does not support a finding that the delivery of the controlled substance occurred within 1000 feet of a public or private school. As a result, sentence cannot be imposed under sec. 161.49, Stats., and Andrews is eligible for the sentence imposed by the trial

225

court at both the sentencing and the resentencing hearings. Accordingly, we affirm the sentence imposed.

*By the Court.*—Judgment and order affirmed.