GRUETZMACHER, Respondent, vs. WANNINGER, Appellant.

*January 9—January 28, 1902.*

*Justices' courts: Appeal: Trial* de novo: *Filing affidavit* nunc pro tunc: *Amendments: Jurisdiction.*

Where an appeal from justice's court was taken, so that under sec. 3767, Stats. 1898, the circuit court was only authorized to hear the cause "on the original papers and the return of the justice," that court cannot, by allowing the affidavit prescribed by subd. 2, sec. 3768, Stats. 1898, to be filed as "of the time of appeal-

ing," enlarge its jurisdiction so as to authorize a trial *de novo*, it being enlargement of the time within which an appeal must be taken and expressly excepted from the power to enlarge the time within which any proceeding in an action may be taken, conferred on circuit courts by sec. 2830.

APPEAL from a judgment of the circuit court for Kewaunee county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

For the appellant there was a brief signed by *Wing & Wattawa*, attorneys, and *Nash & Nash*, of counsel, and oral argument by *A. L. Nash.*

*Reginald I. St. Peters*, for the respondent.

CASSODAY, C. J.    It appears from the record, in effect, that November 4, 1898, the plaintiff leased to the defendant eight acres of land described, for as long a time as might be necessary to raise and harvest a crop of peas thereon for the season of 1899; the plaintiff to plow the ground and sow the same with peas to be furnished by the defendant, who was to have the direction of the time and manner of doing such work, and have the right to enter the premises at any time he saw fit for the purpose of such supervision and the raising and harvesting of the crop; and he was to pay to the plaintiff for such labor and for the rental of the land, combined, the sum of $8.50 per acre.    June 28, 1899, the plaintiff commenced this action in the municipal court for the recovery of damages for the wrongful conversion of the pea vines of the peas so raised upon the land.    The defendant, by way of answer, justified his right to the vines under the lease.    Upon the trial of such issues in the municipal court, such proceedings were had that judgment was rendered in favor of the defendant, with costs, which were taxed at $60.55.    From that judgment the plaintiff filed notice of appeal to the circuit court, and accompanied the same with an affidavit on behalf of the plaintiff to the effect that the appeal was "made in good faith, and not for the purpose of delay," as required by

sec. 3754, Stats. 1898, August 14, 1899. On October 26, 1899, the plaintiff obtained an order to show cause why the affidavit set forth, sworn to September 20, 1899, to the effect that the plaintiff had a valid claim, as he verily believed, against the defendant, as set forth in his complaint, exceeding the sum of $15, should not be filed as of the time required by law, and entitling him to a trial *de novo* without prejudice. Upon the hearing of the motion the circuit court, November 1, 1899, allowed such affidavit to be filed as of the time required by subd. 2, sec. 3768, upon payment of $10 costs, and directed the cause be tried by a jury, as prescribed by that section, without further prejudice by reason of the failure to file such affidavit "at the time of appealing" from the judgment, as required by that statute. It is conceded that the $10 were paid at the time of granting such order. To the making and filing of such order the defendant duly excepted. Upon a jury being called, the attorney for the defendant objected to the trial of the cause by jury, and also to the jurisdiction of the court to so try the same, or to have any other proceedings therein, except to proceed to hear and try the cause upon the original records and files in the case and the return of the justice, as required by sec. 3767, Stats. 1898, for the reason that the plaintiff had failed to comply with subd. 2, sec. 3768, Stats. 1898, as stated. Such objections were overruled by the circuit court, and the trial of the cause by jury was had. At the close of the trial the jury returned a verdict as to the understanding and agreement of the parties at the time of making the written lease, and as to the meaning of the words "harvest" and "harvesting," contained therein, and also to the effect that such pea straw was worth to the plaintiff for fodder and manure, or other purposes for which he might have use for the same on his farm, $35, but that it had no market value. From the judgment entered thereon in favor of the plaintiff for $35 damages and $135.70 costs, the defendant brings this appeal.

The statute creating the municipal court for Kewaunee county provides that:

"The practice and procedure in said court, so far as practicable, shall comply with the laws relating to justices' court. . . . Appeals may be taken in the same manner and with like effect as from courts of justices of the peace." Sec. 7, ch. 352, Laws of 1897.

The appeal, as taken in this case, August 14, 1899, required the circuit court to hear the same "on the original papers and the return of the justice." Sec. 3767, Stats. 1898. It gave to that court no jurisdiction to try the cause *de novo*. If it got any jurisdiction to try the cause *de novo*, it was by virtue of the order of the circuit court made November 1, 1899, allowing the affidavit prescribed by subd. 2, sec. 3768, Stats. 1898, to be filed as of "the time of appealing," as required by that statute. True, the statute authorized amendmends to "any process, pleading or proceeding" in "furtherance of justice and upon such terms as may be just," as therein prescribed. Sec. 2830, Stats. 1898. So the statute, for good cause shown, authorized the court, in its discretion, and upon such terms as might be just, to enlarge the time within which certain proceedings might be taken, or to allow such proceedings after the time limited therefor had expired, "except the time within which an appeal must be taken." Sec. 2831. This statute, in effect, prohibited the court from enlarging the time within which an appeal could be taken, or allowing an appeal after the time for taking the same had expired. As indicated, the appeal, as perfected August 14, 1899, only authorized the court to hear the cause "on the original papers and the return of the justice." By the order of November 1, 1899, an attempt was made to give the court a jurisdiction, which up to that time it did not possess, to try the cause *de novo*. To that extent it was an attempt to give a new jurisdiction as by a new appeal, contrary to the statute. But it is claimed that as the order was made on con-

dition that the plaintiff pay to the defendant $10 costs, which was paid, the objection was thereby waived. In support of such contention counsel rely upon *Hagan v. Casey,* 30 Wis. 553. That was an action of trespass *quare clausum,* brought before a justice of the peace. The plaintiff recovered judgment for a sum less than $15, from which the defendant appealed to the circuit court. The statute applicable provided that "in case the judgment is rendered in favor of the plaintiff for a sum not exceeding $15.00, exclusive of costs, and the defendant shall have appealed, if the plaintiff shall make an affidavit that he has a valid claim against the defendant, exceeding the sum of $15.00, as set forth in his complaint, and shall file the same with the clerk of the court *in which such appeal may be pending,* and serve a copy thereof on the defendant or his attorney eight days prior to the term at which the appeal may be tried, the action shall be tried in the appellate court as cases originally brought there." Ch. 262, Laws of 1864. This court simply held that the failure to serve or file an affidavit with the clerk of the circuit court eight days prior to the term at which the appeal was tried, as prescribed by that statute, was waived by going to trial without objection. The appeal in the case at bar was under a different statute. Under the statute now in force it was held by this court twenty years ago that the right to have a cause "heard on the original papers and the return of the justice," as prescribed by sec. 3767, Stats. 1898, could not be waived by the "stipulation of the parties, to try the cause *de novo,* as if originally brought in that court," and that a judgment rendered upon such a trial "was void for want of jurisdiction." *Bullard v. Kuhl,* 54 Wis. 544. In a later case it was held that "the objection that the court in which an appeal is pending has no jurisdiction of such appeals is not waived by a trial thereof in that court by consent." *Plano Mfg. Co. v. Rasey,* 69 Wis. 246. In that case it was so held notwithstanding the fact that the circuit court might have had original jurisdiction of the

Fond du Lac v. Estate of Otto, 113 Wis. 39.

cause had it been brought in that court, but it could not be brought there by appeal from the municipal court.   See, also, *Vogel v. Antigo*, 81 Wis. 642; *Hager v. Falk*, 82 Wis. 644; *Waushara Co. v. Portage Co.* 83 Wis. 7; *Swan v. Porter*, 96 Wis. 34; *Telford v. City of Ashland*, 100 Wis. 238; *Seegar v. Ashland*, 101 Wis. 515; *Morgan v. Rhinelander*, 105 Wis. 138; *Oshkosh W. W. Co. v. Oshkosh*, 106 Wis. 83. As indicated in the cases cited, the right to an appeal in such cases is purely statutory; and it was competent for the legislature to impose conditions upon the right to a trial *de novo*, as it did.   We must hold that the circuit court had no jurisdiction to try the cause *de novo*.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with direction to hear the appeal "on the original papers and the return of the justice," as prescribed by the statute, and for further proceedings according to law.