Dewitt v. State, 155 Wis. 249.

and appeal" which is granted to corporations assessed under the Income Tax Act. The time of the hearing is not fixed by the act, but that is evidently a matter of detail which is entirely within the power of the commission to provide for.

DEWITT, Plaintiff in error, vs. THE STATE, Defendant in error.

*November 21—December 9, 1913.*

Hawkers and peddlers: Licenses: Constitutional law: "Peddler" defined.

1. Sec. 1570, Stats., which requires a hawker or peddler to obtain a license for which a fee must be paid, is a valid exercise of the police power. But, since the state may tax occupations, it is immaterial whether the exaction be referable to the police power or to the taxing power.
2. One who goes about from place to place, selling at retail, from house to house, goods which he carries with him, is a peddler, even though he may have a fixed business domicile and may carry with him only a part of his stock of goods.

ERROR to review a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

This is a writ of error, to review a conviction of plaintiff in error of the offense of conducting the business of peddling without a license contrary to the statute, sec. 1570, Stats. 1911, which provides that "No person shall engage in or follow the business or occupation of a hawker or peddler within this state without having first obtained a license for that purpose as provided in sections 1570 to 1584*i,* inclusive."

The accused was in due form, charged under sec. 1570, Stats. 1911. The proof was to the effect that, during the time and within the territory alleged, the accused traveled from place to place with horses and wagon and selling as he could from house to house such spices, medicines, and other articles of merchandise as he carried. He obtained his stock under contract with a wholesaler who sold only by such methods. By the terms of the contract he was given the character of an exclusive agent for the seller within specified territory, but was in fact dealt with as a purchaser of the goods. He was required to pay for goods ordered substantially the same as in ordinary cases and depended for remuneration for his work upon selling such goods at an advance over the purchase price. He ordered the goods in quantities, stored them at his home, stocked his wagon there, and restocked it from time to time as needed. In due course he was found guilty as charged and judgment was rendered accordingly.

*Orlaf Anderson,* for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

Marshall, J. Counsel for plaintiff in error urges several reasons why the conviction complained of is wrong. No one of them involves a new question. It is said that sec. 1570, Stats., is unconstitutional; but this court has re-

peatedly passed upon similar legislation to the contrary. *Morrill v. State,* 38 Wis. 428; *Servonitz v. State,* 133 Wis. 231, 113 N. W. 277; *Monroe v. Endelman,* 150 Wis. 621, 138 N. W. 70.

It is next said plaintiff in error, because of having a fixed place of abode in this state and place for accumulating merchandise from which to stock his wagon from time to time, was not a peddler within the meaning of the statute; and we are favored with several definitions of the term "peddler" to support that view. Such term has no very technical meaning. Its ordinary popular meaning was incorporated into the law. That is so well known, a resort to learned discussions in respect to it in legal opinions, or to its peculiar ancient definition, is confusing rather than illuminating. A peddler is not necessarily "a deceitful fellow" satisfying the old ideas found in Jacob's Law Dictionary; nor is he, necessarily, a person having no fixed business domicile, nor one who carries his entire stock of merchandise with him. He may be a very honorable man and yet be a peddler. He may have a fixed business domicile and yet be a peddler, and he may be such regardless of whether he carries the whole or a part of his stock of goods with him. The essential thing is that he must do business by going about from place to place selling and delivering merchandise in a retail way to such individuals as he may be able to deal with. While doing that he is a peddler though he may, at the same time, have a business domicile to which he occasionally resorts. It is the method of disposing of the goods which makes the person a peddler. A peddler is simply one who peddles, and any one peddles who sells at retail from place to place, going from house to house, carrying the goods to be offered for sale with him. That plaintiff in error satisfied all the requisites of that vocation, does not admit of a doubt.

It is next suggested that the statute is a taxing law in-

stead of an exercise of the police power. That it is within the latter field is ruled by *Morrill v. State,* 38 Wis. 428, and other cases. That since the state may tax occupations— impose excise taxes—it is immaterial whether the exaction be referable to the police power or to the taxing power. Thus there is no infirmity in the law in question from any reasonable point of view.

The foregoing covers all matters suggested which seem to be worthy of attention.

*By the Court.*—The judgment is affirmed.