A B C AUTO SALES, INC., Respondent, vs. MARCUS, Commissioner, Appellant.

*June 9—July 12, 1949.*

326

For the appellant there was a brief by the *Attorney General, Stewart G. Honeck,* deputy attorney general, and *William E. Torkelson,* assistant attorney general, and oral argument by *Mr. Torkelson.*

For the respondent there was a brief by *Posner & Perkins* of Milwaukee, and oral argument by *Herman J. Posner* and *James J. Perkins.*

A brief *amicus curiae* was filed by *L. L. Rieselbach* of Milwaukee.

FRITZ, J. In so far as material on this appeal, sec. 85.02 (1) (c), Stats., reads:

"The motor vehicle department *shall issue a certificate of registration* to an applicant for the sale of motor vehicles at retail *only if he owns or leases a permanent building wherein there are facilities to display and repair functional and non-functional parts of automobiles* and where replacement parts, repair tools and equipment to service automobiles are kept, and at which place of business shall be kept and maintained the books, records and files necessary to conduct the business, and *such place shall not mean residence, tents or temporary stands.* An approved service contract with an established repair shop having the above repair facilities and the requirement for replacement parts, repair tools and equipment to service automobiles shall serve in lieu of an applicant's repair facilities and the requirement for replacement parts, repair tools and equipment to service automobiles, provided that such service connection is within reasonable distance from the applicant's place of business, and provided further that such service connection guarantees in writing the making of the repairs or replacements ordered by the dealer."

Upon an application of A B C Auto Sales, Inc., to the state motor vehicle department in November, 1948, for a certificate of registration under sec. 85.02 (1) (c), Stats., an investiga-

tor for the department, who examined the applicant's premises, stated, in answer to questions in the commission's forms for a report,—

that the applicant (so far as here material) leases a lot 60′ x 120′ with a permanent frame building 10′ by 18′ which is only an office with no inside floor space which will be used for displaying or repairing cars; that the applicant does not operate a repair garage or have sufficient shop equipment and tools to perform a complete mechanical repair job or have a parts stock and service equipment sufficient to comply with sec. 85.02 (1) (c), Stats., and has no investment in new or used mechanical replacement parts or in repair shop equipment or mechanics' tools; that no mechanics are employed by applicant and it does not do its own repairing and service work, and in the investigator's opinion the applicant did not have adequate facilities to repair and service the cars he sells; but that it had definite arrangements with a qualified person or firm which is properly equipped to repair and service the cars the applicant sells and which is five blocks from applicant's place of business.

Upon that report the applicant's petition was denied. Thereupon it duly requested a hearing for the commissioner's review of the denial; and pursuant to its request a hearing was duly ordered and held before Marcus as the commissioner of the motor vehicle department. At this hearing the president of the applicant corporation testified in relation to his place of business as follows:

"I do not own or lease a permanent building wherein there are facilities of any kind to display functional or nonfunctional parts of automobiles, or automobiles. I do have a·building on my property wherein I conduct my business at 4835 South Packard avenue. It's an office where we keep all our books and records and so forth. This office is a building about 10 by 16 and has place for office space and for all my records and for conducting my business there. . . . There are no permanent fixtures on my lot other than the building which I use as an office. . . . The construction of the building that I occupy as an office is just a plain wooden one set up on blocks. It is about 10 by 16, and it has plenty of space for our books and a desk

and so forth. . . . I have a service contract with Havey Motors. I first knew there was a law on the books that required a permanent building in 1947 when the legislature amended the law. . . . The building on the place now is owned by me and put up by me. It's not attached to the real estate but is on cement blocks. . . . It's just a small affair and I don't think it would amount to much either way."

On the evidence submitted on the hearing before the commissioner, he made findings that,—

"(1) Applicant corporation neither owns nor leases a permanent building wherein there are facilities to display automobiles.

"(2) Applicant corporation has met all the requirements for a motor vehicle dealer's license other than the ownership or lease of a permanent building as stated in the preceding numbered paragraph."

Upon these findings the commissioner concluded:

"(1) Applicant corporation is not entitled to a motor vehicle dealer's license for the calendar year 1949."

Upon the applicant's petition for a review of the commissioner's decision by the circuit court under ch. 227, Stats., the court adjudged,—

(1) That in so far as sec. 85.02 (1) (c), Stats., provides that the motor vehicle department shall issue a certificate of registration to an applicant for the sale of motor vehicles at retail only if he owns or leases a permanent building wherein there are facilities to display automobiles, the statute is not a proper or valid exercise of the police power of the state; and it is in violation of the Fourteenth amendment of the United States constitution and secs. 1 and 13, art. I of the Wisconsin constitution; and

(2) That the commissioner's decision denying the petitioner's application for a motor-vehicle-dealer's license for the year 1949 be and is hereby reversed.

From that judgment Marcus, individually and as commissioner, appealed.

The commissioner's denial of the application for a certificate of registration under sec. 85.02 (1) (c), Stats., was based upon his findings of fact that the applicant "neither owns nor leases a permanent building wherein there are facilities to display automobiles." As sec. 85.02 (1) (c), Stats., does not provide that in the required building there must be "facilities to display automobiles," the commissioner erred in denying the application on that ground. However, as the applicant's president testified that it neither owns nor leases a building where there are facilities of any kind to display such functional or nonfunctional parts, the denial was warranted in view of the provision in sec. 85.02 (1) (c), Stats., that such a certificate shall be issued *"only* if he owns or leases a permanent building wherein there are facilities to display and repair functional and nonfunctional parts of automobiles;" unless by reason of that requirement the statute is unconstitutional, as the applicant contends.

In considering that contention there are applicable in this case the rules, (1) that the statute is presumed to be constitutional and will be held unconstitutional only if it appears so beyond a reasonable doubt. *Payne v. Racine,* 217 Wis. 550, 561, 562, 259 N. W. 437; *Gibson Auto Co. v. Finnegan,* 217 Wis. 401, 412, 413, 259 N. W. 420; *Petition of Breidenbach,* 214 Wis. 54, 60, 252 N. W. 366; and (2) that the burden of establishing the unconstitutionality of a statute is on the person attacking it, who must overcome the strong presumption in favor of its validity. 11 Am. Jur., Constitutional Law, p. 795, sec. 132.

As stated in *State ex rel. Carnation M. P. Co. v. Emery,* 178 Wis. 147, 160, 189 N. W. 564:

"If there is any reasonable basis upon which the legislation may constitutionally rest, the court must assume that the legislature had such fact in mind and passed the act pursuant thereto. The court cannot try the legislature and reverse its decision as to the facts. All facts necessary to sustain the act

must be taken as conclusively found by the legislature, if any such facts may be reasonably conceived in the mind of the court."

And as stated in *Gibson Auto Co. v. Finnegan, supra,* (p. 406):

". . . under our system of government the court is not called upon to consider the economic, social, and political matters dealt with in the act. Whatever conclusion may be reached as the result of our deliberation, it in no way involves the determination by the court of the social value of the objectives sought. Under our constitutional system, in reviewing an act of the legislature, the duties of the court are limited to considering whether or not the act of the legislature contravenes the provisions of the constitution." (See also *Ritholz v. Johnson,* 244 Wis. 494, 498 *et seq.,* 12 N. W. (2d) 738.)

As in the record in this case there is no evidence of any facts to the contrary, the court must assume the existence of facts which justify the necessity for enactment of the legislation under consideration and its reasonableness. *State ex rel. Sullivan v. Dammann,* 227 Wis. 72, 277 N. W. 687; *State ex rel. Carnation M. P. Co. v. Emery, supra; Ritholz v. Johnson, supra.*

By virtue of the express requirement in the statute in relation to an applicant's ownership or leasing of a permanent building with the facilities prescribed, and the provision therein that "such place shall not mean residence, tents or temporary stands" it is evident that the legislature had in mind the necessity of established permanence and stability of an applicant and his business in order to eliminate or minimize the evils and mischief of the "fly-by-night" operator. In this respect the legislation in question is evidently based upon the same principle as legislation which requires transient merchants or peddlers to be licensed; and the constitutionality of which is well established. *Dewitt v. State,* 155 Wis. 249, 144 N. W. 253; *Servonitz v. State,* 133 Wis. 231, 113 N. W.

277. The fact that in ch. 218, Stats., relating to finance companies, auto dealers, etc., there are provisions in sec. 218.01, Stats., which likewise are intended to eliminate and afford protection in other respects against such evils does not render sec. 85.02 (1) (c), Stats., unconstitutional. It was within the province of the legislature to determine that the protection afforded by sec. 218.01, Stats., was insufficient to abate the evils it deemed existed, and that the additional protection afforded by enacting sec. 85.02 (1) (c), Stats. 1947, was necessary; and it is beyond the court's province to attempt to void such legislative determination.

The applicant's contention that the commissioner's interpretation construing said provision is an unlawful delegation of legislative authority and that his interpretation is in excess of his authority, and arbitrary and unreasonable, cannot be sustained in this case. As it appears without dispute that the applicant has no display facilities whatever in any permanent building and, consequently, cannot claim it has been misled or affected in any way by any indefiniteness or erroneous interpretation in that respect by the commissioner, there is no basis for applicant to challenge the validity of the statute on such grounds. Under these circumstances there is presently applicable to the asserted indefiniteness or erroneous or unauthorized interpretation, the statement in *Interstate Trucking Co. v. Dammann,* 208 Wis. 116, 130, 241 N. W. 625, that,—

"At this time it is sufficient that under the state of facts presented by the record herein, there does not appear to be any such uncertainty as to warrant the conclusion that it will be impossible to apply the statute because of any fatal indefiniteness in its terms or provisions."

In any event, under the undisputed facts herein, the provision that a certificate of registration shall be issued to a motor vehicle dealer "*only* if he owns or leases a permanent building wherein there are facilities to display and repair

functional and nonfunctional parts of automobiles" is sufficiently definite so that there was clearly warranted the commissioner's determination that the applicant did not own or lease such a building and that therefore the commission was not authorized to issue such a certificate to the applicant.

*By the Court.*—Judgment reversed and cause remanded to the circuit court with directions to affirm the commissioner's order which is under review herein.