STATE, Respondent, vs. KERNDT, Appellant.

*October 12—November 7, 1956.*

114

For the appellant there was a brief and oral argument by *Anthony E. Madler* of Madison.

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and *James A. Seering,* district attorney of Sauk county, attorneys, and *Frederick J. Griffith* of Madison of counsel, and oral argument by *Mr. Platz.*

BROADFOOT, J.    Sec. 97.61 (2), Stats., reads as follows:

"No person shall sell, exchange, deliver, or have in his possession with intent to sell or exchange, or expose for sale, or offer for sale or exchange any canned fruits, vegetables, meats, fish, or shellfish containing any artificial coloring, or any bleaching compound, or any article the sale of which as an article of food or as the constituent of an article of food is made a misdemeanor by any statute of this state."

In passing upon the constitutionality of a statute this court has often said that a regularly enacted statute is presumed to be constitutional and the party attacking it has the burden of overcoming the presumption and showing it to be unconstitutional. *Adoption of Morrison,* 267 Wis. 625, 66 N. W. (2d) 732; *State v. Stehlek,* 262 Wis. 642, 56 N. W. (2d) 514; *A B C Auto Sales, Inc., v. Marcus,* 255 Wis. 325, 38 N. W. (2d) 708.

The defendant contends that food coloring is not harmful, and to sustain his contention he cites provisions of the Wisconsin statutes and of federal rules that permit harmless coloring matter to be added to many food products; and further, that the state makes no contention that the coloring was harmful. It is further contended that coloring is not deceptive. To support that contention the defendant claims that the state does not charge that the canned fruits were deceptive or defective, and if the coloring had been added to

conceal inferiority the state could and would have charged the defendant under a different section of the statutes. He also states that it is a matter of common knowledge that if fruit is damaged by bruises, insects, or otherwise, the added coloring would accumulate in the large openings or soft spots and accentuate the damage.

The trouble with these arguments is that they are not supported by the proof necessary to overcome the strong presumption of constitutionality of the statute. There is no proof as to the kind or amount of artificial coloring added. The state has not charged that the products were deceptive nor has it admitted that the products were not deceptive. We are asked to take judicial notice of certain things which the defendant contends are matters of common knowledge. We are sorry to say that we are not experts on food coloring or food quality.

In the case of *Ritholz v. Johnson,* 244 Wis. 494, 12 N. W. (2d) 738, this court commented upon the matter of judicial notice in an action attacking the constitutionality of a statute. In that case the plaintiffs were seeking an injunction to enjoin the Wisconsin board of examiners in optometry from conducting any activities toward the enforcement of a section of our statutes. In a lengthy complaint facts were alleged which the plaintiffs contended made the statutes unconstitutional. The attorney general appeared for the defendants and interposed a general demurrer. This court then said (p. 504):

"The facts set out in the plaintiffs' complaint in this case are those which sustain the plaintiffs' claim that the statute is unconstitutional as applied to their particular business. This court has no knowledge of the facts relating to a business such as that conducted by the plaintiffs, nor has it any satisfactory method of informing itself by resort to reports of committees, encyclopedias, or other like sources of information. In this case an answer should be filed setting up the facts which the defendants claim warranted the enactment of

this particular legislation. If there is a dispute as to the facts, the facts should be ascertained by a judicial investigation in the trial court. While neither this court nor the trial court will be bound by the facts so found, they will have relevant information now denied to them. Upon this ground and only upon this ground we now hold that the demurrer to the complaint in the trial court was properly overruled."

The defendant cites the case of *State v. Withrow,* 228 Wis. 404, 280 N. W. 364, in which the defendants had been charged with the violation of a statute. The matter came before this court upon an appeal from the judgment of conviction in the circuit court, as here. The statute was held to be unconstitutional and the judgment was reversed. A reading of the opinion might indicate that the only thing before the court was the statute itself, but a reference to the printed case and briefs therein shows that many witnesses were called, both on behalf of the state and on behalf of the defendant, and this court had the benefit of the facts established by the testimony.

We must hold, therefore, that the defendant has failed to overcome the strong presumption of constitutionality of the statute by any proof. Therefore, unless the statute itself establishes clearly beyond reasonable doubt that there was no basis in fact for its enactment, we must hold the same to be constitutional.

The trial court, in its memorandum decision, stated that by coloring the fruit, insect damage, handling damage, unripe and immature fruit can easily be disguised and concealed; that the legislature may well have concluded that the natural color of the items named in the statute—fruit, vegetables, meat, and fish—is an important factor in determining the purity, quality, and condition of those items when inclosed in cans, and that such inspection of color and determination of quality is commonly understood and applied by consumers generally; therefore, prohibiting the use of artificial color for

these purposes is a reasonable and lawful exercise of the police power by the legislature. We concur.

Under our decisions, if any state of facts, known or to be assumed, justifies the law, the court's power to declare a statute unconstitutional ends. Questions as to wisdom, need, or appropriateness are for the legislature.

*By the Court.*—Judgment affirmed.