SATAE EX REL. SKINKIS, Plaintiff in error, v. TREFFERT, Superintendent, Central State Hospital, Defendant in error.

Court of Appeals

*No. 77–642. Argued August 30, 1978.—*
*Decided May 9, 1979.*
(Also reported in 280 N.W.2d 316.)

For the plaintiff in error there were briefs by *Howard B. Eisenberg,* state public defender, and *Mark Lukoff,* first assistant state public defender, and oral argument by *Mark Lukoff,* first assistant state public defender.

For the defendant in error there was a brief by *Bronson C. La Follette,* attorney general, and *Marguerite M. Moeller,* assistant attorney general, and oral argument by *Marguerite M. Moeller,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

BABLITCH, J.    This matter is before the court on a writ of error to review an order issued by the circuit court for Dodge County quashing a writ of habeas corpus.

Joseph E. Skinkis (petitioner) was convicted on his plea of guilty to a charge of first degree sexual assault in violation of sec. 940.225(1)(d), Stats.  Petitioner alleges that the statute is unconstitutionally vague and void on its face because it fails to give adequate notice

of the conduct it prohibits and lacks a "core" of meaning. The circuit court held that the statute was not unconstitutionally vague as applied to petitioner, and that it did give him adequate notice that his conduct was illegal.

## I.

## WAIVER

At the outset, the state contends that petitioner has waived his right to raise "any" constitutional challenge to the statute because he pleaded guilty to the charge. A number of recent Wisconsin cases lend initial credence to this argument, commencing with *State v. Weidner*, 47 Wis.2d 321, 177 N.W.2d 69 (1970). In that case, the court found that "as a general rule, the constitutionality of a statute cannot be questioned for the first time on appeal." *Id.* at 323. The court noted the firmly established doctrine that a question of subject matter jurisdiction can never be waived, and therefore may be raised for the first time on appeal. *Id.*, citing 4 C.J.S. *Appeal & Error* sec. 234, at 700–04 (1953). The court stated, however, at 324: "Ordinarily, a challenge to the constitutionality of a statute does not involve subject matter jurisdiction."

The proposition that a defendant can waive the right to assert the unconstitutionality of the statute pursuant to which he is convicted by failing to make that claim at the trial court level has been repeated and expanded in three cases decided after *Weidner*. *State v. Weso*, 60 Wis. 2d 404, 210 N.W.2d 442 (1973); *Flores v. State*, 69 Wis. 2d 509, 230 N.W.2d 637 (1975); *Cheatham v. State*, 85 Wis.2d 112, 270 N.W.2d 194 (1978). This proposition is in apparent conflict with earlier Wisconsin and federal

case law which holds that an unconstitutional statute is a nullity which can confer no jurisdiction whatsoever upon a court.[1]

These cases state the general rule as follows:

> When a judgment of any court is based on an unconstitutional law it has no legitimate basis at all; it is not a judgment of a competent tribunal within the meaning of . . . the Statutes, or of a "competent court" within the meaning of those words in . . . the Statutes. The law, so called, being unconstitutional there is no law in fact, hence no jurisdiction to give force thereto; no legitimate jurisdiction over the subject matter or of the person, within the meaning of the decisions. *Servonitz v. State,* 133 Wis. 231, 236–37, 113 N.W. 277 (1907).

> An unconstitutional law is void, and is as no law. An offense created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void and cannot be a legal cause of imprisonment. . . . [I]f the laws [under which defendants were convicted] are unconstitutional and void, the circuit court acquired no jurisdiction of the causes. Its authority to indict and try the petitioners arose solely upon these laws. *Ex Parte Siebold,* 100 U.S. 371, 376–77 (1879).

> An unconstitutional act of the legislature is not a law. It confers no rights, imposes no penalty, affords no protection, is not operative, and in legal contemplation has no existence. *John F. Jelke Co. v. Beck,* 208 Wis. 650, 661, 242 N.W. 576 (1932).

These cases have not been overruled, nor their holdings modified. They are not discussed or distinguished in

---

[1] *State ex rel. Martin v. Zimmerman,* 233 Wis. 16, 21, 288 N.W. 454 (1939); *John F. Jelke Co. v. Beck,* 208 Wis. 650, 661, 242 N.W. 576 (1932); *State ex rel. Kleist v. Donald,* 164 Wis. 545 552–53, 160 N.W. 1067 (1917); *Bonnett v. Vallier,* 136 Wis. 193, 200, 116 N.W. 885 (1908); *Servonitz v. State,* 133 Wis. 231, 236–37, 113 N.W. 277 (1907); *Ex Parte Nielsen,* 131 U.S. 176, 183 (1888); *Norton v. Shelby County,* 118 U.S. 425, 442 (1885); *Ex Parte Royall,* 117 U.S. 241, 248 (1885); *Ex Parte Siebold,* 100 U.S. 371, 376–77 (1879).

*Weidner,*[2] *Weso,*[3] *Flores*[4] or *Cheatham.*[5] We have care-

---

[2] In *Weidner,* the defendant attacked the statute prohibiting possession of marijuana on several due process grounds after pleading guilty to the charge. The grounds for the attack included the charge that the statute unreasonably classified marijuana as a narcotic drug. The court emphasized that this particular constitutional challenge "rests in part on the resolution of a factual issue"—namely the narcotic properties and effects of marijuana—as to which no evidence was in the record. 47 Wis.2d 321, 327. Though it may be argued that the court's refusal to determine the issue constituted its conclusion that the issue did not raise a question of subject matter jurisdiction, we believe the true underpinning of the *Weidner* holding is the court's recognition of the inherent danger and impropriety of deciding a constitutional question which is dependent on the resolution of factual issues when the facts are neither a part of the appeal record nor a proper subject of judicial notice. *Accord: Madison v. Chicago, M., St. P. & P. R. Co.,* 2 Wis.2d 467, 472–73, 87 N.W.2d 251 (1958); *State v. Kerndt,* 274 Wis. 113, 117, 79 N.W.2d 113 (1956); *In re Folsom,* 270 Wis. 100, 102–03, 70 N.W.2d 30 (1955); *Madison Metropolitan Sewerage Dist. v. Committee,* 260 Wis.2d 229, 254, 50 N.W.2d 424 (1951); *A B C Auto Sales, Inc. v. Marcus,* 255 Wis 325, 330, 38 N.W.2d 708 (1949).

[3] In *Weso,* a defendant convicted of endangering another's safety by conduct imminently dangerous to another and evincing a depraved mind regardless of human life alleged for the first time on appeal that the statute was "so vague in the meaning of depravity that it failed to give him reasonable notice of the elements of the crime." 60 Wis.2d 404, 413. The court, citing *Weidner, supra,* held that the issue could not be raised for the first time on appeal. It noted that "[t]here are exceptions involving the jurisdiction of the subject matter or public policy" to the general rule that a constitutional challenge cannot be brought for the first time on appeal, but that it did not "consider the facts of this case [to] come within either one of the exceptions." 60 Wis.2d 404, 413. The court did not specify its reasons for concluding that the vagueness challenge to the statute in question did not involve subject matter jurisdiction, and that issue was not briefed by either party to the case.

[4] In *Flores,* the defendant pled guilty to a charge of statutory rape and thereafter sought postconviction relief in the supreme court, asserting for the first time that the statute denied equal

fully examined the briefs filed in each of these four cases; in none of them were the earlier cases cited to the court.

The two lines of cases are difficult to reconcile. *Weidner,* and the cases which follow it, presume that ordinarily an attack on the constitutionality of a criminal statute does not go to subject matter jurisdiction. *Servonitz,* and the cases which follow it, presume that an constitutional attack on a statute raises a question of subject matter jurisdiction. The common ground between the two lines of cases is the unassailable proposition that an issue of subject matter jurisdiction cannot be waived by inadvertence or by deliberate failure to raise it at the trial court level, and that such an issue can always be raised as a matter of right for the first time on appeal or review by a higher court.[6]

protection of the law because it prohibited intercourse between males and minor females but not between females and minor males. The court considered the issue "in the interest of justice and because there are no factual issues that need resolution." 69 Wis.2d 509, 510, citing *Weidner, supra.* It stated, however, that "because of his guilty plea defendant has no right to raise constitutional objections here." 60 Wis.2d 509, 510. The court did not discuss the question whether the constitutional challenge went to subject matter jurisdiction and the matter was not briefed by either party to the case.

[5] In *Cheatham,* the court considered "in the interest of justice" a claim brought for the first time after conviction that a criminal statute had been rendered unconstitutionally vague by a prior construction of the supreme court which broadened its application. The court again noted that "the constitutionality of a statute cannot be raised, as a matter of right, for the first time on appeal or review." 85 Wis.2d 112, 120–21, citing *Weidner* and *Weso, supra.* The court did not expressly consider the question whether a claim of unconstitutionality based upon a claim of the facial vagueness of a criminal statute constitutes a challenge to the subject matter jurisdiction of the court and that question was not raised nor briefed by the parties.

[6] *See, Kelley v. State,* 54 Wis.2d 475, 479, 195 N.W.2d 457 (1972); *Crummel v. State,* 46 Wis.2d 348, 355, 174 N.W.2d 517 (1970);

As the Wisconsin Supreme Court held in *Harrigan v. Gilchrist,* 121 Wis. 127, 224, 99 N.W. 909 (1904), the court can and should reach an issue of subject matter jurisdiction even where neither party raises it.[7]

A challenge to the jurisdiction of the trial court of the subject matter of the action is proper at any time; and, without the question being urged by counsel. It is not only proper for this court, but it is its duty, to make all investigations necessary to satisfy itself in regard thereto with reasonable certainty.

Decisions of the United States Supreme Court are in accord with this familiar principle,[8] and it was re-asserted as recently as 1977 in *Gelatt v. DeDakis,* 77 Wis. 2d 578, 254 N.W.2d 171 (1977). There the court held that the appellant had waived his right to assert "most" of his objections to receivership proceedings by failing to raise them at trial, but that he could not waive his claim that the statutes under which the proceedings had been conducted were "suspended" by the Federal Bankruptcy Act and thus " 'utterly null and void' " under United States Supreme Court holdings. *Id.* at 584.

[I]t is fundamental that parties cannot confer subject matter jurisdiction upon a court by waiver or consent. . . . If Gelatt is correct in asserting that the receiver-

*Pillsbury v. State,* 31 Wis.2d 87, 94, 142 N.W.2d 187 (1966); *State ex rel. La Follette v. Raskin,* 30 Wis.2d 39, 45, 139 N.W.2d 667 (1966).

[7] *Accord: Gruetzmacher v. Wanninger,* 113 Wis. 34, 38, 88 N.W. 929 (1902); *Telford v. City of Ashland,* 100 Wis. 238, 239, 75 N.W. 1006 (1898); *Burnham v. Norton,* 100 Wis. 8, 13, 75 N.W. 304 (1898); 20 Am. Jur. *Courts* sec. 95, at 455 et seq. (1965). *Cf. Worthington v. Farmers Ins. Exchange,* 64 Wis.2d 108, 109, 218 N.W.2d 373 (1974); *In re Interest of F.R.W.* (a minor), 61 Wis. 2d 193, 198, 212 N.W.2d 130 (1973), asserting duty of supreme court to determine, *sua sponte,* its jurisdiction on appeal.

[8] *See, e.g.,* cases cited in *What Issues will the Supreme Court Consider, Though Not, or Not Properly, Raised by the Parties,* Annot., 42 L. Ed.2d 946 sec. 4, at 951–56 (1976).

ship provisions of ch. 128 are suspended, and if the jurisdiction of the circuit court depended thereon, subject matter jurisdiction would be absent. To that extent Gelatt's claims must be considered notwithstanding his participation in the receivership without complaint. 77 Wis. 578, 584–85.

In a footnote to the passage quoted above, the court distinguished *Weidner, supra,* as follows:

The fact that subject matter jurisdiction is at issue also renders inapplicable the rule that this court will not generally consider the constitutionality of a statute if raised for the first time on appeal. 77 Wis.2d 578, 585 n. 1.

The question before us, in light of all the above-cited case law, is whether the constitutional challenge asserted by this petitioner raises a question of subject matter jurisdiction. If it does not, he has waived his right to raise it for the first time on appeal; if it does, even his plea of guilty cannot waive it. A key for the resolution of this question is found in *State ex rel. Comrs. of Pub. Lands v. Anderson,* 56 Wis.2d 666, 203 N.W.2d 84 (1973), and *In re Interest of F.R.W.* (a minor), 61 Wis.2d 193, 212 N.W.2d 130 (1973). In the former case, the court considered an equal protection challenge to a statute alleged to set forth arbitrary and unreasonable classifications in violation of the fourteenth amendment to the United States Constitution. In upholding the statute, the Wisconsin Supreme Court stated:

A statute, unconstitutional on its face, is void from its beginning to the end; but a statute unconstitutional in an application is only void as applied in a certain time and to the specific circumstances. 56 Wis.2d 666, 672.

This statement was quoted with approval in *In re Interest of F.R.W., supra* at 200, which involved a claim that former sec. 48.18, Stats., the juvenile court waiver stat-

ute, was void on its face for vagueness. The trial court in that case had found the statute unconstitutionally vague, and had dismissed a petition to waive the juvenile into adult court for that reason. On appeal of that determination, the initial question was whether the order dismissing that petition was appealable, and thus whether the supreme court had jurisdiction of the appeal. The then applicable appeals statute provided that an order was appealable if it decided a question of jurisdiction. In holding that the order was appealable the supreme court observed:

When the juvenile challenged the constitutionality of sec. 48.18, Stats., as being void for lack of standards, he was, in effect, arguing that the juvenile court had no jurisdiction to act pursuant to that section. The juvenile court judge's determination that sec. 48.18 was unconstitutional was, in effect, a declaration that it had no jurisdiction to act pursuant to that section.

. . . .

Since the juvenile court judge determined sec. 48.18 to be unconstitutional and void, it follows that she properly determined that she was without jurisdiction to act pursuant to the petition for waiver. 61 Wis.2d 193, 199–200.

Both *State ex rel. Comrs. of Pub. Lands* and *F.R.W.* recognize that there are different types of constitutional attacks on statutes, some of which, if successful, would render the particular statute at issue void and inoperable, and some of which would not have that drastic effect.[9]

---

[9] Earlier Wisconsin cases are in accord. *See State ex rel. Richter v. Chadbourne*, 162 Wis. 410, 418–19, 156 N.W. 610 (1916):

Statutes void in their main purpose or void as to a substantial part which is closely interrelated with other substantial parts thereof are void *in toto*.

*And cf. Cudahy v. Department of Taxation*, 261 Wis. 126, 139, 52 N.W.2d 467 (1952):

[t]he general rule is to permit an unconstitutional law to operate as far as it can [unless] . . . .

". . . it is evident, from a contemplation of the statute and of the purpose to be accomplished by it, that it would not have been

*F.R.W.* recognizes that where a statute upon which the trial court's power to act rests is alleged to be void and inoperable for vagueness on its face, the allegation raises a question of subject matter jurisdiction. *Cheatham, supra,* reasserts the fundamental principle that an issue of subject matter jurisdiction—arising from a claim that a statute upon which the trial court's jurisdiction depends is inoperable for any reason—can never be waived, and must be decided by the court even if not raised by the parties.

Although the court in *Gelatt* and *F.R.W.* did not expressly set forth a methodology for determining whether an attack (constitutional or otherwise) on a statute is an attack on the subject matter jurisdiction of the court, we deem its approach in those cases to be the proper procedure. In effect, the court considered the consequence of agreeing with the party asserting the statutory defect. In each case the court determined that if the attack on the statute were correct, the statute would be null and void and the court would be without the power to act under the statute. In this case, as in those cases, if this court were to agree with petitioner's claim that the provisions of the sexual assault statute under which he was convicted are facially so vague as to lack a core of meaning, those statutory provisions would necessarily be declared void and inoperable, and no court would have power under them to convict the defendant for their violation. *Servonitz v. State,* 133 Wis. 231, 236–37, 113 N.W. 277 (1907), *and see State v. Mahaney,* 55 Wis.2d 443, 198 N.W.2d 373 (1972) ; *State v. Starks,* 51 Wis.2d 256, 186 N.W.2d 245 (1971).

Consequently, we hold that the issue raised by the petitioner in this case—that the provisions of the sexual

passed at all, except as an entirety, and that the general purpose of the legislature will be defeated if it shall be held valid as to some cases and void as to others."

assault act under whch he was convicted are void for facial vagueness—is an issue of subject matter jurisdiction which cannot be waived, and which this court has a duty to consider regardless of his guilty plea.

## II.

## VAGUENESS

Petitioner contends that the sexual assault act lacks a "core" of discernible meaning in that it fails to give notice of the conduct it prohibits and fails to provide standards for enforcement. Petitioner pleaded guilty to a criminal complaint alleging that he feloniously had sexual contact with a person under 12 years of age in violation of sec. 940.225(1)(d), Stats. The factual portion of the complaint alleges that petitioner, who was babysitting the 8 year old girl at the time of the incident, approached her from behind while she was in her bedroom and placed his hands on her vaginal area.

The legal effect of a plea of guilty is to admit the facts charged, but not the crime. *State v. Pohlhammer,* 78 Wis.2d 516, 523, 254 N.W.2d 478 (1977); *State v. Lampe,* 26 Wis.2d 646, 648, 133 N.W.2d 349 (1965). The initial question is whether the admitted facts fall within the "zone of prohibited conduct" so that no reasonable person could have doubt of their criminality. *State v. Driscoll,* 53 Wis.2d 699, 702, 193 N.W.2d 851 (1972). If they do, then petitioner will not be heard to raise by hypothetical example fact situations which might arguably be prosecuted under this act, and as to which the statute might be unconstitutionally vague. *Butala v. State,* 71 Wis.2d 569, 575, 239 N.W.2d 32 (1976); *Jones v. State,* 55 Wis.2d 742, 746, 200 N.W.2d 587 (1972); *State v. Driscoll,* 53 Wis.2d 699, 701–02. As the United

States Supreme Court has held, "even if the outermost boundaries of [the statute] may be imprecise, any such uncertainty has little relevance . . . where appellants' conduct falls squarely within the 'hard core' of the statute's proscriptions." *Broadrick v. Oklahoma,* 413 U.S. 601, 608 (1973). A person to whose conduct a penal statute clearly applies has no standing to attack the statute as vague and void on its face. *Parker v. Levy,* 417 U.S. 733, 756 (1974).

Section 940.225(1)(d), Stats., prohibits "sexual contact" with a person 12 years of age or younger. Section 940.225(5)(b) defines "sexual contact" in relevant part as follows:

the intentional touching by hand . . . of the intimate parts, clothed or unclothed, of another, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification . . . .

Section 940.225(5)(a) provides that " '[i]ntimate parts' includes the breast, buttock, anus, penis, vagina or pubic mound of a human being."

Petitioner contends that the statute lacks a core altogether and is thus void under the holding of *Smith v. Goguen,* 415 U.S. 566 (1974). In that case the defendant, who had worn pants with a small cloth copy of the American flag sewn on the seat, was convicted under a state statute punishing anyone who "treats contemptuously the flag of the United States." *Id.* at 568–69. The court held:

This criminal provision is vague "not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all." [Citation omitted.] Such a provision simply has *no* core. This absence of any ascertainable standard for inclusion and exclusion is precisely what offends the Due Process Clause. The deficiency is particularly ob-

jectionable in view of the unfettered latitude thereby accorded law enforcement officials and triers of fact. . . . The language at issue is void for vagueness as applied to Goguen because it subjected him to criminal liability under a standard so indefinite that police, court, and jury were free to react to nothing more than their own preferences for treatment of the flag. 415 U.S. 566, 578. (Emphasis in original.)

Petitioner argues that the sexual assault statute is similarly without a core, first, because the use of the word "includes" in the statutory definition of intimate parts fails to exclude any part of the human body not specifically enumerated. He suggests that the statute might be used to prosecute a person who obtained sexual gratification by touching a foot, leg, arm, or other part of the human body.

Petitioner was not convicted of touching a foot or arm, but pleaded guilty to touching the vaginal area of a child. The statutory definition of intimate parts specifically includes the vagina of a human being. Petitioner is consequently without standing to raise the possibility that this statute might be used to prosecute the touching of unenumerated parts of the body. *Smith v. Goguen* does not support a contrary conclusion since the court in that case found the statute void *as applied* to the very act of which the defendant stood convicted, not to some hypothetical conduct.[10]

Petitioner also contends that the phrase "sexual arousal or gratification" provides no ascertainable standard of guilt unless the statute is construed to create a presumption that any touching of an "intimate part" is done for the purpose of sexual gratification or arousal. Without

---

[10] Despite the broad language of *Goyuen*, quoted in the text, implying a holding that the statute was void on its face, the court expressly disavowed that holding and grounded its decision on the "as applied" standard. 415 U.S. 566, 576–77.

542

such a presumption, he reasons, the statute gives no notice to anyone of the kinds of touching it prohibits.[11]

We find no merit in this argument. The statute does not create a presumption. It prohibits the intentional touching of intimate parts "if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification." By his plea of guilt, petitioner admitted the facts alleged in the complaint that he approached an 8 year old child from behind, while the child was in her bedroom, and intentionally placed his hands on her vaginal area. These are the only facts before us on review. As the circuit court noted, these facts do not suggest or admit of any other reasonable construction, standing alone, than that his act of touching was for the purpose specified in the statute.

The sexual statute has a core, and the admitted acts of the petitioner are within that core. This being so, we decline his invitation to speculate as to the perimeters of the conduct this statute prohibits by referring to hypothetical examples of behavior not presented by the facts before us. *Smith v. Goguen* and *State v. Mahaney, supra,* do not incline us to venture past the admitted facts, as both of those cases involved claims of overbreadth in the face of first amendment rights which are not asserted in this case. Where, as here, the claim of unconstitutionality is grounded on facial vagueness, and first amendment rights are not involved, the defendant "will not be heard to hypothesize other factual situations which might raise a question as to the applicability of

[11] Petitioner also suggests that with such a presumption, the statute prohibits, *per se,* any intentional touching of any anatomical part, such as a handshake. This suggestion rests upon his first contention that "intimate parts" is a limitless category. Since petitioner has no standing to advance the first argument, we decline to consider its derivative.

the statute," but is limited to the conduct actually charged in the complaint. *State v. Courtney*, 74 Wis.2d 705, 713, 247 N.W.2d 714 (1976).

*By the Court.*—Order affirmed.