STATE of Wisconsin, Plaintiff-Respondent,

v.

Lester C. SAMMONS, Defendant-Appellant.†

Court of Appeals

*No. 87–0566–CR. Submitted on briefs September 10, 1987.—
Decided October 7, 1987.*

(Also reported in 417 N.W.2d 190.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Terry W. Rose* of *Rose & Rose* of Kenosha.

† Petition to review denied.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *Michael R. Klos,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   Lester C. Sammons appeals from a nonfinal order which held he was a public employee within the meaning of the bribery statute, sec. 946.10(2), Stats., when he was serving as a juror. Sammons contends on appeal that a juror is not a public employee. Because we conclude that jurors meet the statutory definition, we affirm.

Sammons was sworn as a juror in the case of *City of Kenosha v. Ekornaas.* The criminal complaint against Sammons alleges that he placed a series of calls to Ekornaas' wife, Sandra, offering to "fix" the case for $500 and designating a local tavern and bartender as the drop-off place. Sammons was arrested when he received $500 from the bartender which had been provided as part of an undercover operation.

Sammons was charged with accepting a bribe as a public employee, contrary to sec. 946.10(2), Stats. He brought a motion to dismiss on the ground that a juror is not a public employee. The trial court denied the motion, and Sammons filed a petition for leave to appeal the nonfinal order, pursuant to sec. 808.03(2), Stats., which petition we granted.

This case presents a question of statutory interpretation, which we review without deference to the trial court's decision. *State v. Werlein,* 136 Wis. 2d 445, 451, 401 N.W.2d 848, 851 (1987). If the statute is unambiguous, we will not look to rules of construction but will give effect to the statute's plain meaning. *Id.*

Section 946.10, Stats., provides in part:

Whoever does either of the following is guilty of a Class D felony:

....

(2) Any public officer or public employe who directly or indirectly accepts or offers to accept any property or any personal advantage, which he is not authorized to receive, pursuant to an understanding that he will act in a certain manner in relation to any matter which by law is pending or might come before him in his capacity as such officer or employe or that he will do or omit to do any act in violation of his lawful duty.

Relevant definitions appear in sec. 939.22(30), Stats., which provides in part:

A "public officer" is any person appointed or elected according to law to discharge a public duty for the state or one of its subordinate governmental units. A "public employe" is any person, not an officer, who performs any official function on behalf of the state or one of its subordinate governmental units and who is paid from the public treasury of the state or subordinate governmental unit.

Thus, a public employee: (1) is not a public officer; (2) performs any official function for the state, county, etc.; and (3) is paid from the public treasury. The parties do not dispute that Sammons is not a public officer. In addition, it is undisputed that the record shows Sammons was paid by the public treasury, having received his juror's fee and mileage from the Kenosha county treasury, pursuant to sec. 756.24,

835

Stats. The remaining contention is whether Sammons, as a juror, was performing an official function.

This court has previously examined the phrase "official function" as it is used in the criminal code. In *State v. Wickstrom,* 118 Wis. 2d 339, 352, 348 N.W.2d 183, 190 (Ct. App. 1984), the court noted that ordinarily intelligent persons could refer to the definitions of "official" and "function" in Webster's New Collegiate Dictionary to determine what is prohibited by the statute. "Official" includes "of or relating to an office, position, or trust." Webster's New Collegiate Dictionary 797 (1977). "Function" includes "the action for which a person ... is specially fitted or used" and "the acts or operations expected of a person." *Id.* at 465. "Function" also "implies a definite end or purpose that the one in question serves." *Id.* Keeping these definitions in mind, we turn to the role of the jury in our government.

To state the obvious, the administration of justice via the courts is an official function of the state, in which the jury plays an essential part. Juries are required in certain cases by the federal and state constitutions. The selection of jurors is governed by ch. 756, Stats. Once selected, jurors are required to take an oath, swearing to try the issue and give a true verdict, unless discharged by the court, according to the law and evidence. Sec. 756.098(1), Stats. A sworn juror is required to hear evidence, deliberate and decide a case. We conclude that, when doing so, the juror is performing an "official function" on behalf of the government.

Sammons emphasizes the breadth of the statute and urges reversal on that basis. He raises the spectre of plumbers and construction contractors being

deemed public employees for purposes of this statute. Because the statute clearly applies to Sammons, he has no standing to challenge the statute as vague or overbroad. *State ex rel. Skinkis v. Treffert,* 90 Wis. 2d 528, 540, 280 N.W.2d 316, 321 (Ct. App. 1979). We decline to speculate as to the statute's boundaries by referring to hypothetical facts not in the record. *Id.* at 542, 280 N.W.2d at 323.

Sammons also reminds us that penal statutes are to be strictly construed. *State v. Tappa,* 127 Wis. 2d 155, 170, 378 N.W.2d 883, 890 (1985). However, the rule of strict construction is not violated by taking the commonsense view of the statute to effectuate the legislative intent. *Id.* at 170–71, 378 N.W.2d at 890. The commonsense view is that jurors perform official governmental functions when they take an oath to hear and decide a case in accord with state law.[1]

*By the Court.*—Order affirmed.

---

[1]Sammons also urges us to rely on worker's compensation law for the definition of "employe." Where a word or phrase is specifically defined by statute, no other rule of statutory construction need be applied. *State v. Okray Produce Co.,* 132 Wis. 2d 145, 148, 389 N.W.2d 825, 826 (Ct. App. 1986). "Public employe" is specifically defined in the criminal code, sec. 939.22(30), Stats. Therefore, we will not look to a different body of law for definitions.